# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EWA-MARIE RUNDQUIST,<br><br>Repslagargatan 15 B, 1 tr<br>118 46 Stockholm, Sweden<br><br>                              Plaintiff,<br><br>        -v-<br><br>VAPIANO SE, f/k/a VAPIANO AG,<br>VAPIANO INTERNATIONAL LLC, and<br>VAPIANO FRANCHISE USA, LLC, f/k/a<br>VAPIANO FRANCHISING LLC,<br>                              Defendants. | Case No. 1:09-cv-02207 (EGS)<br><br>Hon. Emmet G. Sullivan<br><br>**Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT

Plaintiff Ewa-Marie Rundquist, for her complaint against Defendants Vapiano SE, f/k/a Vapiano AG ("Vapiano SE"), Vapiano International LLC ("Vapiano International"), and Vapiano Franchise USA, LLC, f/k/a Vapiano Franchising LLC ("Vapiano Franchise") (collectively, "Defendants"), alleges on knowledge as to herself and otherwise on information and belief, as follows:

### NATURE OF ACTION

1.  This case concerns Defendants' intentional unauthorized use of Plaintiff's protected photographs in violation of U.S. and foreign copyright laws. Defendants have used and continue to use Plaintiff's photographs in Defendants' restaurants in this District and around the world, despite having no authorization from Plaintiff to do so and despite Plaintiff's repeated demands that Defendants cease and desist from such unlawful conduct.

2.  Plaintiff is an internationally-renowned professional photographer. Defendants own or control more than sixty upscale Italian-style restaurants called "Vapiano"

throughout the United States and abroad, including two Vapiano restaurants located in the District of Columbia.  Without authorization from Plaintiff and over Plaintiff's objections, Defendants have copied and displayed on the walls of their Vapiano restaurants, copies of numerous photographs taken and owned by Plaintiff.  Defendants are also using Plaintiff's photographs on various websites owned and/or controlled by them including www.vapiano.com and www.vapiano-international.com (hereinafter, the "Vapiano Websites").

3.  Plaintiff brings this action against Defendants for direct, contributory and vicarious infringement of Plaintiff's copyrights in her photographs, in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), as adopted by the Copyright Act, and in violation of the copyright laws of the fifteen (15) foreign countries set forth in Exhibit 3 attached hereto, where Defendants are also violating Plaintiff's copyrights by displaying Plaintiff's photographs in foreign Vapiano restaurants (hereinafter, the "Foreign Copyright Laws").  Plaintiff seeks to recover damages for Defendants' infringements and a permanent injunction to prevent Defendants from further unlawful use and injury to Plaintiff in the future.

## THE PARTIES

4.  Plaintiff is a Swedish citizen residing and doing business in Stockholm, Sweden.  Rundquist is a professional photographer whose photographs have appeared in, among other things, books, well-known magazines and advertising campaigns for well-known fashion brands.

5.  Defendant Vapiano SE is a European public limited company with a place of business at Ollenhauerstrasse 1, D-53113 Bonn, Germany.  Vapiano SE was formerly known as Vapiano AG.  Upon information and belief, in June 2009, Vapiano AG reorganized as Vapiano SE,

and Vapiano SE is now the successor in interest of Vapiano AG.  Vapiano SE and its predecessor company Vapiano AG are hereinafter collectively referred to as "Vapiano SE."

6. Defendant Vapiano International is or was, upon information and belief, a subsidiary of Vapiano SE and a limited liability company organized and existing under the laws of Delaware, with a place of business at 8280 Greensboro Drive, McLean, Virginia 22102.

7. Defendant Vapiano Franchise is or was, upon information and belief, a subsidiary of Vapiano SE and a limited liability company organized and existing under the laws of Delaware, with a place of business at 8280 Greensboro Drive, McLean, Virginia 22102.

8. Vapiano SE is, upon information and belief, a franchisor which markets, owns, operates, licenses and/or franchises Vapiano restaurants in the District of Columbia, Virginia, Florida, Texas and elsewhere in the United States and around the world.  Defendants Vapiano International and Vapiano Franchise are, upon information and belief, special purpose vehicles formed by Vapiano SE to assist Vapiano SE in its U.S. restaurant business and are involved in the operation of the Vapiano restaurants in the District of Columbia and elsewhere in the United States.  Upon information and belief, Vapiano SE controls the business activities of Vapiano International and Vapiano Franchise and they act as its agents in the District of Columbia and elsewhere in the United States.  Upon information and belief, Vapiano International and Vapiano Franchise are also involved in the marketing, ownership, operation license and/or franchise of Vapiano restaurants in foreign countries.  Among other things, all three companies share many of the same principal officers and a common purpose - the operation and promotion of Vapiano restaurants.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. The Court has personal jurisdiction over Defendants because Defendants are doing business in this District through their ownership, licensing, franchising, operation, marketing and/or control of Vapiano restaurants in this District. Vapiano SE does business in this District individually and through its agents Vapiano International and Vapiano Franchise, which it controls. Vapiano SE is also subject to jurisdiction because it solicits franchise business in this District through various mediums including the Vapiano Websites. All Defendants are also subject to jurisdiction in this District because they jointly wrongfully copied and displayed Plaintiff's photographs in Vapiano restaurants located in this District in violation of Plaintiff's copyrights.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Venue is also proper in this District pursuant to 28 U.S.C § 1400(a) because Defendant Vapiano International may be found in this District by virtue of being subject to service of process in this District through its registered agent that resides in this District.

## FACTS COMMON TO ALL COUNTS

Plaintiff's Work

12. Plaintiff is a highly experienced fashion, lifestyle and advertising photographer. Plaintiff's photographs have appeared in numerous well-known magazines, including, but not limited to, *Vogue*, *Elle*, and *Glamour*. Plaintiff's photographs have also been featured in advertising campaigns for well-known brands, including, but not limited to, Benetton, H&M, Wella and Boomerang.

13. Plaintiff's photographs have appeared in several bestselling cookbooks, including the book entitled "La Pizza, The True Story from Naples" (hereinafter, "La Pizza"), written by Nikko Amandonico. "La Pizza" is sold in different languages and throughout various countries around the world, including an English edition of the book sold in the United States.

14. "La Pizza" is an account of the history of the Neapolitan pizza and the Italian city of Naples. The book contains numerous photographs by Plaintiff of Italian street scenes and other Italian imagery, including Italians eating and cooking pizza and other foods in Naples. (Attached hereto as Exhibit 1 are a selection of some of Plaintiff's photographs that appear in "La Pizza").

Plaintiff's Copyrights

15. Plaintiff's photographs in "La Pizza" (hereinafter, the "Protected Photographs") are owned by Plaintiff. They are comprised of original and unique photos of Italian street scenes, taken by a highly skilled photographer and fixed in a tangible medium of expression. Plaintiff's Protected Photographs constitute copyrightable subject matter and are protected under the Copyright Act and the Foreign Copyright Laws.

16. Every copy of the "La Pizza" book contains the following notice with regard to Runquist's Protected Photographs, indicating that Plaintiff is the copyright owner of certain photographs in "La Pizza": "Copyright © photo cover and pages [followed by the page numbers where the Protected Photographs appear] Ewa-Marie Rundquist."

17. Plaintiff was a national of Sweden on the date that her Protected Photographs were first created and first published. Sweden, the United States, and all of the other countries where Defendants' Vapiano restaurants are located, are all signatories to the Berne Convention. As a national of a signatory to the Berne Convention, Plaintiff is entitled to the same copyright

protections that the Copyright Act and the Foreign Copyright Laws provide to nationals of those respective countries.  Further, pursuant to the Berne Convention, Plaintiff is not required to obtain a copyright registration for her photographs from the United States Copyright Office or any other copyright office where Defendants' Vapiano restaurants are located prior to commencing legal action for copyright infringement under the Copyright Act or the Foreign Copyright Laws.

<u>Defendants' Violation of Plaintiff's Copyrights</u>

18.  Defendant Vapiano SE is a franchisor that is in the business of establishing upscale Italian restaurants called "Vapiano" around the world.  Vapiano SE has established sixty Vapiano restaurants in over sixteen countries around the world, with more than one hundred new Vapiano restaurants currently in development.  Upon information and belief, Vapiano SE directs and controls the appearance and other aspects of the operation of all Vapiano restaurants.  Upon information and belief, Vapiano SE has ownership interests in many, if not all, Vapiano restaurants.

19.  Defendants Vapiano International and Vapiano Franchise are affiliates of Defendant Vapiano SE which are controlled by Vapiano SE and act as Vapiano SE's agents with respect to Vapiano restaurants in, among other places, the United States.  The Defendants have established and are operating six Vapiano restaurants in the United States, including two Vapiano restaurants in The District Of Columbia, two in Virginia, one in Florida and one in Texas (collectively, the "U.S. Vapiano Restaurants").  (Attached hereto as Exhibit 2 is a list of Defendants' existing U.S. Vapiano Restaurants.)

20.  Upon information and belief, Defendants plan to open and franchise further Vapiano restaurants in various cities in the United States in the near future, including restaurants in the Georgetown area of Washington, DC, Atlanta, GA, Baltimore, MD, Bethesda, MD, Boston, MA, Chicago, IL, Detroit, MI, Ft. Lauderdale, Ft. Worth, TX, Houston, TX, Los Angeles, CA,

Miami, FL, New York, New York, Orlando, FL, Reston, VA, San Francisco, CA, San Jose, CA, and Tampa, FL.

21. Defendants also market, own, operate, license or franchise 35 Vapiano restaurants in Germany, and additional restaurants in Austria, Croatia, Estonia, Hungary, The Netherlands, Poland, Romania, Saudi Arabia, Serbia, Sweden, Switzerland, Turkey, The United Arab Emirates and The United Kingdom (collectively, the "Foreign Vapiano Restaurants"). (Attached hereto as Exhibit 3 is a list of Defendants' existing Foreign Vapiano Restaurants.)

22. Defendants plan to open further Vapiano restaurants outside of the United States in the near future, including new restaurants in Germany, Switzerland, Estonia, Slovenia, and Hungary.

23. All of Defendants' U.S. Vapiano Restaurants and Foreign Vapiano Restaurants (collectively, the "Vapiano Restaurants") are operated under a comprehensive, uniform system. All Vapiano Restaurants have the same décor and a consistent look throughout.

24. Defendants promote the décor of their Vapiano Restaurants. Defendants' marketing and press materials note that:

> "Vapiano puts a new spin on the dining experience with its urban upscale Italian décor and its modern customer service."

> "Vapiano . . . distinguishes itself through . . . an unmistakable image created by Milan's star designer, Matteo Thun. The restaurant radiates an atmosphere of Italian lifestyle."

25. The central décor element in Defendants' Vapiano Restaurants is Plaintiff's Protected Photographs of Italian street scenes and people eating pizza and other Italian foods in Naples. Upon information and belief, Plaintiff's Protected Photographs are displayed in black and white as large mural sized reproductions of photographs in all of Defendants' Vapiano Restaurants in the United States and elsewhere around the world.

26. Upon information and belief, Defendants collectively require and direct from their respective places of business, that all Vapiano Restaurants around the world prominently display Plaintiff's Protected Photographs as a central part of those restaurants' décor. (Attached hereto as Exhibit 4 are unauthorized copies of some of Plaintiff's Protected Photographs that are being displayed in Defendants' Vapiano restaurants in the District of Columbia and Virginia.) Upon information and belief, Defendants have not included a credit line identifying Plaintiff as the photographer on any of the Copyrighted Photos displayed by Defendants in their Vapiano Restaurants.

27. As stated in a June 2007 article about Defendants' launch of Vapiano restaurants in the United States "Few decorations interrupt the clean lines. Black-and white photographs of Italian street scenes hang here and there . . . Black-and-white photographs of Italian people and street scenes are among the only decorative touches [in Vapiano restaurants]": Lisa Bertagnoli, *Restauratour: A Literal Translation, Germany-based Vapiano opens in the States with few concessions to American tastes*, Chain Leader (June 1, 2007).

28. Defendants also display Plaintiff's Protected Photographs on their Vapiano Websites. (Attached hereto as Exhibit 5 are screenshots showing a selection of some of Plaintiff's Protected Photographs being displayed on certain Vapiano Websites.)

29. Defendants have displayed Plaintiff's Protected Photographs in their Vapiano Restaurants in the United States and elsewhere in the world and on Vapiano Websites without obtaining Plaintiff's permission or consent. Plaintiff has on numerous occasions advised Defendants that she objects to their unauthorized and unlawful use of her photographs. Notwithstanding Plaintiff's valid objections, Defendants have refused to stop their unauthorized and unlawful use of Plaintiff's Protected Photographs.

30. Defendants knew or should have known at all relevant times that Plaintiff's Protected Photographs were owned by Plaintiff and that Defendants would need to obtain permission from Plaintiff in order to copy and display Plaintiff's Protected Photographs. Defendants never made any effort to obtain such rights prior to copying and displaying the Protected Photographs. Defendants intentionally usurped Plaintiff's Protected Photographs as the primary décor element of their Vapiano Restaurants in the United States and elsewhere in the world and on Defendants' Websites.

31. On November 7, 2008 and January 27, 2009, Plaintiff, through her counsel, advised Defendants that their display of Plaintiff's Protected Photographs in Vapiano Restaurants constituted copyright infringement and demanded that Defendants (a) immediately cease copying and displaying Plaintiff's Protected Photographs, (b) account for all sales and profits that Defendants derived from the Vapiano Restaurants and (c) compensate Plaintiff in a sum to be determined based on the accounting, plus a reasonable royalty fee.

32. Defendants have failed and refused to comply with Plaintiff's demands in her November 7, 2008 and January 27, 2009 letters. Defendants continue to copy and display Plaintiff's Protected Photographs throughout Vapiano Restaurants.

33. Defendants' purpose in copying and displaying Plaintiff's Protected Photographs is to attract customers by creating restaurants with an attractive décor while depriving Plaintiff of her rightful royalty/ license fees for the use of her Protected Photographs. Defendants benefit from their unlawful scheme in a variety of ways, including by using Plaintiff's valuable Protected Photographs for free and avoiding the cost of paying Plaintiff royalties/licensing fees for the use of her Protected Photographs. Defendants benefit from the fact that Plaintiff's Protected

Photographs substantially enhance the décor of Defendants' Vapiano Restaurants thereby increasing the value and revenues of the restaurants.

34. Defendants are large and sophisticated companies that claim copyright in certain of their own works and are fully familiar with the restrictions imposed under the Copyright Act and the Foreign Copyright Laws.

## COUNT I

### (COPYRIGHT INFRINGEMENT IN VIOLATION OF § 501 OF THE COPYRIGHT ACT, 17 U.S.C. § 501)

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 of this complaint as if fully set forth herein.

36. Defendants are copying and displaying copies of Plaintiff's Protected Photographs in Vapiano Restaurants in the U.S. and abroad and on Vapiano Websites without Plaintiff's consent or authorization.

37. Defendants collectively require and direct that all Vapiano Restaurants in the U.S. and abroad display copies of Plaintiff's Protected Photographs.

38. The copies of Plaintiff's Protected Photographs that are being displayed in Vapiano Restaurants are all unlawfully made and provided by Defendants collectively from their respective places of business and delivered to their Vapiano Restaurants in the U.S. and abroad.

39. Defendants' purpose in copying and displaying copies of Plaintiff's Protected Photographs is to obtain commercial benefit from such unauthorized use of Plaintiff's Protected Photographs.

40. Defendants know or have reason to know that: (i) Plaintiff's Protected Photographs are protected by the Copyright Act; (ii) Defendants are not authorized to copy or display Plaintiff's Protected Photographs without Plaintiff's consent; (iii) Defendants do not have

Plaintiff's consent to copy and display Plaintiff's Protected Photographs; and (iv) Defendants' actions constitute copyright infringement under the Copyright Act.

41. Defendants' have knowingly and willfully engaged in unauthorized copying and display of Plaintiff's Protected Photographs with the intent to deprive Plaintiff of the revenues that she would have otherwise earned from licensing her Protected Photographs to Defendants or others, and with the intent to wrongfully benefit from the labor and intellectual capital that Plaintiff invested in the creation of the Protected Photographs.

42. Defendants' wrongful conduct has deprived Plaintiff of the benefits of licensing her Protected Photographs.

43. Defendants' conduct has caused Plaintiff to sustain money damages including but not limited to loss of the payment due to her for the copying and display of her Protected Photographs in Vapiano Restaurants in the U.S. and abroad and on Vapiano Websites, diminution of the value of the Protected Photographs on account of Defendants' unauthorized use of them around the world, and other money damages.

44. Defendants have been unjustly enriched by their wrongful use of Plaintiff's Protected Photographs and infringements of Plaintiff's copyrights in an amount to be determined.

45. Defendants' wrongful conduct has also caused Plaintiff to sustain irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT II

### (CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT
### IN VIOLATION OF § 501 OF THE COPYRIGHT ACT, 17 U.S.C. § 501)

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 of this complaint as if fully set forth herein.

47. The copies of Plaintiff's Protected Photographs that are being displayed in Vapiano Restaurants are all unlawfully made and provided by Defendants collectively from their respective places of business and delivered to the licensees and franchisees of Vapiano Restaurants in the U.S. and abroad.

48. Defendants, with knowledge that their actions constitute infringement under the Copyright Act, collectively require and direct that all licensees and franchisees of Vapiano Restaurants prominently display copies of Plaintiff's Protected Photographs as a central part of those restaurants' décor.

49. Defendants are directing and supervising the infringing activities of all licensees and franchisees of Vapiano Restaurants by providing them with unlawful copies of Plaintiff's Protected Photographs and requiring them to display copies of Plaintiff's Protected Photographs in their Vapiano Restaurants.

50. Defendants have a direct financial interest in the infringing activities of their licensees and franchisees of Vapiano Restaurants because Plaintiff's Protected Photographs substantially enhance the décor of Vapiano Restaurants, thereby attracting customers to Vapiano Restaurants and increasing Defendants' revenues.

51. As a licensor and franchisor of Vapiano Restaurants, Defendants have the power to prohibit licensees and franchisees from displaying reproductions of Plaintiff's Protected

Photographs in Vapiano Restaurants. However, Defendants continue to direct and allow franchisees and licensees to display unauthorized copies of Plaintiff's Protected Photographs.

52. By virtue of Defendants' actions, Defendants are contributorily and vicariously liable for copyright infringement based on Defendants' licensees and franchisees displaying unauthorized reproductions of Plaintiff's Protected Photographs in Vapiano Restaurants.

### COUNT III

### (COPYRIGHT INFRINGEMENT IN VIOLATION OF THE FOREIGN COPYRIGHT LAWS)

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 52 of this complaint as if fully set forth herein.

54. Plaintiff's Protected Photographs are protectable under the Foreign Copyright Laws.

55. Defendants' actions of copying and displaying copies of Plaintiff's Protected Photographs in Foreign Vapiano Restaurants without Plaintiff's authorization or consent and directing licensees and franchisees of Foreign Vapiano Restaurants to do the same constitutes copyright infringement under the Foreign Copyright Laws, entitling Plaintiff to injunctive relief and money damages under the Foreign Copyright Laws.

56. Defendants' actions of copying and displaying copies of Plaintiff's Protected Photographs in Foreign Vapiano Restaurants without Plaintiff's authorization or consent and directing licensees and franchisees of Foreign Vapiano Restaurants to do the same is being done knowingly and willfully, with the intent to deprive Plaintiff of the revenues that she would have otherwise earned from licensing her Protected Photographs to Defendants or others in those foreign countries where Defendants' Foreign Vapiano Restaurants are located.

57.     Defendants' conduct has caused Plaintiff to sustain money damages including but not limited to loss of the payment due to her for the copying and display of her Protected Photographs in Defendants' Foreign Vapiano Restaurants, diminution of the value of the Protected Photographs on account of Defendants' unauthorized use of them in those foreign countries where Defendants' Foreign Vapiano Restaurants are located, and other money damages.

58.     Defendants have been unjustly enriched by their wrongful use of Plaintiff's Protected Photographs in Foreign Vapiano Restaurants and infringements of Plaintiff's copyrights in an amount to be determined.

59.     Defendants' wrongful conduct in copying and displaying Plaintiff's Protected Photographs in Foreign Vapiano Restaurants has also caused Plaintiff to sustain irreparable injury for which Plaintiff has no adequate remedy at law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands a judgment against Defendants awarding Plaintiff the following relief:

1.      A permanent injunction and turnover order pursuant to Sections 502 and 503 of the Copyright Act and the Foreign Copyright Laws requiring Defendants and their licensees, franchisees, agents, employees, officers, servants, privies, successors and assigns, and all persons acting in concert, participation or combination with Defendants (hereinafter, "Defendants' Associates") to remove from their Vapiano Restaurants and Vapiano Websites and to deliver to Plaintiff all copies of the Protected Photographs in their possession, custody or control and enjoining Defendants and Defendants' Associates from in any manner, directly or

indirectly, copying or displaying or using any of Plaintiff's Protected Photographs or directing, supervising, ordering, or otherwise encouraging others to copy or display Plaintiff's Protected Photographs, or any portion thereof in any Vapiano Restaurants around the world, on the Vapiano Websites or in any manner whatsoever;

      2.    A money judgment pursuant to Section 504 of the Copyright Act and the Foreign Copyright Laws for Plaintiff's actual damages in a sum to be determined at trial, incurred as a result of Defendants' direct, contributory and vicarious infringement of Plaintiff's copyrights in each of Plaintiff's Protected Photographs by copying and displaying those photographs in Vapiano Restaurants around the world and on the Vapiano Websites, in violation of Section 501 of the Copyright Act and the Foreign Copyright Laws;

      3.    A money judgment pursuant to Section 504 of the Copyright Act and the Foreign Copyright Laws for Plaintiff of the profits derived by Defendants as a result of their direct, contributory and vicarious infringement of Plaintiff's Protected Photographs and an accounting by Defendants of all gains, proceeds, income, profits, fees, licenses, royalties, advantages and any other compensation derived by Defendants from marketing, owning, operating and franchising Vapiano Restaurants around the world since the date that Defendants first copied and displayed Plaintiff's Protected Photographs in Vapiano Restaurants, in violation of Section 501 of the Copyright Act and the Foreign Copyright Laws; and

      4.    An award to Plaintiff of such other and further relief as the Court deems just and equitable.