UNITED STATES DISTRICT COURT
DISCTRICT OF COLUMBIA

| | |
|---|---|
| EWA-MARIE RUNDQUIST )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>VAPIANO SE, f/k/a VAPIANO AG, )<br>VAPIANO INTERNATIONAL LLC, and )<br>VAPIANO FRANCHISE USA, LLC f/k/a )<br>VAPIANO FRANCHISING LLC )<br>)<br>  Defendants. )<br>) | Case No: 1:09-cv-02207 (EGS) |

**ANSWER OF DEFENDANT VAPIANO FRANCHISE USA, LLC
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Vapiano Franchise USA, LLC, by and through undersigned counsel, as and for its answer ("Answer") to the complaint ("Complaint") of Plaintiff Ewa-Marie Rundquist ("Plaintiff"), state:

NATURE OF ACTION

1. Paragraph 1 of the Complaint asserts legal conclusions rather than allegations of fact upon which a cause is based. As a result, no response to Paragraph 1 is necessary. To the extent a response to factual allegations is required, Defendant Vapiano Franchise USA, LLC denies the allegations of Paragraph 1 of the Complaint.

2. Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and, therefore, the allegations contained in Paragraph 2 of the Complaint are deemed

denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

3. Paragraph 3 of the Complaint asserts legal conclusions rather than allegations of fact upon which a cause is based.  As a result, no response to Paragraph 3 is necessary.  To the extent a response to factual allegations is required, Defendant Vapiano Franchise USA, LLC denies the allegations of Paragraph 3 of the Complaint.

## THE PARTIES

4. Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and, therefore, the allegations contained in Paragraph 4 of the Complaint are deemed denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

5. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 5 of the Complaint.

6. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 6 of the Complaint, except that Defendant Vapiano International LLC is a limited liability company organized and existing under the laws of Delaware, with a place of business at 8280 Greensboro Drive, McLean, Virginia 22102.

7. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 7 of the Complaint, except that Defendant Vapiano Franchise USA, LLC is a limited liability company organized and existing under the laws of Delaware, with a place of business at 8280 Greensboro Drive, McLean, Virginia 22102.

8. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint asserts legal conclusions rather than allegations of fact upon which a cause is based. As a result, no response to Paragraph 9 is necessary. To the extent a response to factual allegations is required, Defendant Vapiano Franchise USA, LLC denies the allegations of Paragraph 9 of the Complaint except that this Court has jurisdiction over the claims in the United States of America, Defendant Vapiano Franchise USA, LLC denies that this Court has jurisdiction over any of the claims outside the United States of America.

10. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 10 of the Complaint.

11. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 11 of the Complaint.

## FACTS COMMON TO ALL COUNTS

Plaintiff's Work

12. Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and, therefore, the allegations contained in Paragraph 12 of the Complaint are deemed denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

13. Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and, therefore, the allegations contained in Paragraph 13 of the Complaint are deemed denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

14. Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the

Complaint, and, therefore, the allegations contained in Paragraph 14 of the Complaint are deemed denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

Plaintiff's Copyrights

15. Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and, therefore, the allegations contained in Paragraph 15 of the Complaint are deemed denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

16. Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and, therefore, the allegations contained in Paragraph 16 of the Complaint are deemed denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

17. Paragraph 17 of the Complaint asserts legal conclusions rather than allegations of fact upon which a cause is based.  As a result, no response to Paragraph 17 is necessary.  To the extent a response to factual allegations is required, Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and, therefore, the allegations contained in Paragraph 17 of the Complaint are deemed denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

Defendants' Violation of Plaintiff's Copyrights

18. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 18 of the Complaint.

19. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 19 of the Complaint.

20. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 20 of the Complaint.

21. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 21 of the Complaint.

22. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 22 of the Complaint.

23. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 23 of the Complaint.

24. Defendant Vapiano Franchise USA, LLC admits the allegations in Paragraph 24 of the Complaint.

25. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 25 of the Complaint.

26. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 26 of the Complaint.

27. Defendant Vapiano Franchise USA, LLC admits the allegations in Paragraph 27 of the Complaint.

28. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 28 of the Complaint.

29. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 29 of the Complaint.

30. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 30 of the Complaint.

31. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 31

of the Complaint with respect to this Defendant.

32. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 32 of the Complaint.

33. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 33 of the Complaint.

34. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 34 of the Complaint.

## COUNT I

### (COPYRIGHT INFRINGEMENT IN VIOLATION OF § 501 OF THE COPYRIGHT ACT, 17 U.S.C. § 501)

35. Defendant Vapiano Franchise USA, LLC answers Paragraph 35 of the Complaint by referring to, and incorporating herein by this reference, their answers to Paragraph 1 through 34 of the Complaint, as if set forth in full herein.

36. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 36 of the Complaint.

37. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 37 of the Complaint.

38. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 38 of the Complaint.

39. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 39 of the Complaint.

40. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 40 of the Complaint.

41. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 41

of the Complaint.

42. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 42 of the Complaint.

43. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 43 of the Complaint.

44. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 44 of the Complaint.

45. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 45 of the Complaint.

## COUNT II

### (CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT IN VIOLATION OF § 501 OF THE COPYRIGHT ACT, 17 U.S.C. § 501)

46. Defendant Vapiano Franchise USA, LLC answers Paragraph 46 of the Complaint by referring to, and incorporating herein by this reference, their answers to Paragraph 1 through 45 of the Complaint, as if set forth in full herein.

47. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 47 of the Complaint.

48. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 48 of the Complaint.

49. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 49 of the Complaint.

50. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 50 of the Complaint.

51. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 51

of the Complaint.

52. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 52 of the Complaint.

## COUNT III

### (COPYRIGHT INFRINGEMENT IN VIOLATION OF THE FOREIGN COPYRIGHT LAWS)

53. Defendant Vapiano Franchise USA, LLC answers Paragraph 53 of the Complaint by referring to, and incorporating herein by this reference, their answers to Paragraph 1 through 52 of the Complaint, as if set forth in full herein.

54. Defendant Vapiano Franchise USA, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and, therefore, the allegations contained in Paragraph 54 of the Complaint are deemed denied under Rule 8(b)(5) of the Federal Rules of Civil Procedure.

55. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 55 of the Complaint.

56. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 56 of the Complaint.

57. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 57 of the Complaint.

58. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 58 of the Complaint.

59. Defendant Vapiano Franchise USA, LLC denies the allegations in Paragraph 59 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief can be granted against Defendant Vapiano Franchise USA, LLC

2. This Court lacks jurisdiction with respect to the alleged acts of infringement outside the United States of America.

3. Venue is not proper with respect to alleged acts of infringement outside the United States of America.

4. Venue is not proper with respect to this Defendant in that this Defendant has no contacts in the District of Columbia.

5. Any damages and profits sought by Defendant are limited, in whole or in part, pursuant to 17 U.S.C. §504(b) and exclude deductible expenses and any elements of profit attributable to factors other than the alleged infringement of Defendant's copyrighted work.

6. Plaintiff has failed to mitigate its purported damages and recovery of damages, if any, must be reduced accordingly.

## JURY DEMAND

Defendant Vapiano Franchise USA, LLC demands a trial by jury as to all issues so triable.

## **RELIEF REQUESTED**

WHEREFORE, based on the foregoing and for other good cause shown, Defendant Vapiano Franchise USA, LLC respectfully requests that this Court: (1) dismiss the Complaint filed by the Plaintiff with prejudice, (2) enter judgment in its favor, (3) award them its fees and costs incurred herein, and (4) award such other and further relief as the Court deems appropriate.

Respectfully submitted,

HAUSWIESNER KING LLP

By: /s/ Gabriel Assaad
Gabriel A. Assaad, Esq (#478538)
Florian Hauswiesner (VA #71067)
HAUSWIESNER KING LLP
8300 Greensboro Drive, Suite 990
McLean, Virginia  22102
(703) 992-8810 Telephone
(703) 992-9839 Facsimile
*gabriel@hfkllp.com*
*florian@hfkllp.com*

*Counsel for Defendant Vapiano Franchise USA, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing this 4th day of May, 2010, to be served via CM/ECF upon:

Scott H. Christensen
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
(202) 721-4644
(202) 721-4646 (fax)
christen@hugheshubbard.com

                Respectfully submitted,

                HAUSWIESNER KING LLP


                By: /s/ Gabriel Assaad
                Gabriel A. Assaad, Esq (#478538)
                Florian Hauswiesner (VA #71067)
                HAUSWIESNER KING LLP
                8300 Greensboro Drive, Suite 990
                McLean, Virginia  22102
                (703) 992-8810 Telephone
                (703) 992-9839 Facsimile
                *gabriel@hfkllp.com*
                *florian@hfkllp.com*

                *Counsel for Defendant Vapiano Franchise USA, LLC*