## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EWA-MARIE RUNDQUIST,

                         Plaintiff,

        -v-

VAPIANO SE, f/k/a VAPIANO AG,
VAPIANO INTERNATIONAL LLC, and
VAPIANO FRANCHISE USA, LLC, f/k/a
VAPIANO FRANCHISING LLC,

                         Defendants.

Case No. 1:09-cv-02207 (EGS)

Hon. Emmet G. Sullivan

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANT VAPIANO SE

Of Counsel:

Christopher M. Paparella, D.C. Bar No. NY0091
Natasha N. Reed
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile: (212) 422-4726
Email:  paparell@hugheshubbard.com
Email:  reed@hugheshubbard.com

Scott H. Christensen, D.C. Bar No. 476439
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, D.C. 20006-2401
Telephone:  (202) 721-4600
Facsimile:  (202) 721-4646
Email:  christen@hugheshubbard.com

*Attorneys for Plaintiff Ewa-Marie Rundquist*

# TABLE OF CONTENTS

Page

INTRODUCTION ..............................................................................................................1

BACKGROUND ...............................................................................................................3

    Plaintiff And Her Protected Photographs ..........................................................3

    The Unlawful Use Of Plaintiff's Protected Photographs Is Central To Vapiano
    SE's Design Concept For Vapiano .....................................................................4

    Vapiano SE Expands The Unlawful Use Of Plaintiff's Protected Photographs To
    Franchisees.........................................................................................................5

    The Vapiano Defendants' Relationship ...............................................................7

    Vapiano SE Directs And Controls The Operation Of All Vapiano Restaurants ................8

    Vapiano SE Requires And Directs The Display Of Plaintiff's Protected
    Photographs........................................................................................................11

    Vapiano SE Intentionally Usurped Plaintiff's Protected Photographs ...............12

ARGUMENT ...................................................................................................................13

I.     THIS COURT HAS PERSONAL JURISDICTION OVER VAPIANO SE....................15

    A.    Vapiano SE Transacts Business In The District .....................................15

        1.    Vapiano SE Owns Or Controls Two Vapiano Restaurants In The
            District.....................................................................................16

        2.    Vapiano SE Transacts Business In The District Through Its
            Website .....................................................................................17

        3.    Vapiano SE Transacts Business In The District By Promoting
            Vapiano Restaurants And Their Décor In The District .............18

        4.    Vapiano SE's Other Contacts With The District .......................18

    B.    Plaintiff's Claims Arise From Vapiano SE's Business In The District................21

    C.    Vapiano SE's Contacts With The District Render Personal Jurisdiction In
        This Court Consistent With Constitutional Due Process......................................21

    D.    In The Alternative, Plaintiff Should Be Allowed To Conduct Jurisdictional
        Discovery ..............................................................................................25

II.     THIS COURT HAS SUBJECT MATTER JURISDICTION OVER
        PLAINTIFF'S CLAIMS .................................................................................27

        A.     This Court Has Subject Matter Jurisdiction Over Counts I And II Of The
               Amended Complaint .............................................................................28

        B.     This Court Has Subject Matter Jurisdiction Over Count III Of The
               Amended Complaint .............................................................................30

III.    THIS COURT IS THE PROPER FORUM FOR THIS MATTER ...................................33

        A.     Vapiano SE Has Failed To Establish The Existence Of An Adequate
               Alternative Forum ...............................................................................34

        B.     Vapiano SE Has Failed To Establish That The Balance Of Relevant
               Private And Public Interest Factors Favor Dismissal ...........................................37

               1.     The Private Interest Factors Do Not Weigh In Favor Of Dismissal ..........37

               2.     The Public Interest Factors Do Not Weigh In Favor Of Dismissal ..........43

CONCLUSION.................................................................................................44

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Agudas Chasidei Chabad of U.S. v. Russian Fed'n.*,
  466 F. Supp. 2d 6 (D.D.C. 2006) ........................................................................42

*In re Air Crash Off Long Island*, 65 F. Supp. 2d 207 (S.D.N.Y. 1999).................................33, 37

*Alpine View Co. Ltd. v. Atlas Copco*, 205 F.3d 208 (5th Cir. 2000).............................................35

* *Arista Records Inc. v. Sakfield Holding Co.*,
  314 F. Supp. 2d 27 (D.D.C. 2004) ..................................................................... *passim*

*Armstrong v. Virgin Records, Ltd.*, 91 F. Supp. 2d 628 (S.D.N.Y. 2000) ..............................29, 30

* *In re: Assicurazioni Generali S.P.A. Holocaust Ins. Litig.*,
  228 F. Supp. 2d 348 (S.D.N.Y. 2002)............................................................... *passim*

*Bell v. Hood,* 327 U.S. 678 (1946).............................................................................28

*Binderup v. Pathe Exch., Inc.*, 263 U.S. 291 (1923)....................................................14

* *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*,
  145 F.3d 481 (2d Cir. 1998)............................................................................... *passim*

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).........................................19, 23

*Campos Enter., Inc. v. Edwin K. Williams and Co.*,
  125 N.M. 691 (N.M. Ct. App. 1998) ........................................................................23

*Carl Schroeter GmbH & KO., KG. v. Crawford & Co.*,
  No. 09-946, 2009 WL 1408100 (E.D. Pa. May 19, 2009)....................................36

*Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46
  (D.C. Cir. 1994) ..................................................................................................15

*Chase v. Pan-Pacific Broad., Inc.*, 617 F. Supp. 1414 (D.D.C. 1985)........................13

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988).......................27, 28

*Christopher v. Harbury*, 536 U.S. 403 (2002).............................................................16

*Cohane v. Arpeja-California, Inc.*, 385 A.2d 153 (D.C. 1978) ....................................21

*Coker v. Bank of Am.,* 984 F. Supp. 757 (S.D.N.Y. 1997) ............................................42

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996)....................................19

*Cont'l Transfer Technique Ltd. v. Fed. Gov't. of Nigeria*,
    697 F. Supp. 2d 46 (D.D.C. 2010) ..................................................................34, 36

*Crane v. Carr*, 814 F.2d 758 (D.C. Cir. 1987) ......................................................15, 25

*Creative Tech., Ltd. v. Aztech System Pte., Ltd.*, 61 F.3d 696
    (9th Cir. 1995)............................................................................................30, 31, 33

*Croseus EMTR Master Fund L.P. v. Federative Republic of Brazil*,
    212 F. Supp. 2d 30 (D.D.C. 2002) ................................................................14

*CutCo Indus. v. Naughton*, 806 F.2d 361 (2d Cir. 1986)........................................16, 20

*Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)........................................35

*DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14 (D.D.C. 2002) ..............................18

*Edmond v. U.S. Postal Gen. Counsel*, 949 F.2d 415
    (D.C. Cir. 1991) ................................................................................25

*Frink America, Inc. v. Champion Road Mach., Ltd.*,
    961 F. Supp. 398 (N.D.N.Y. 1997)................................................................30

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir. 1984)....................................40

*George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648 (1977) ..........................................19

*Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506 (D.C. Cir. 2002) ..........................17, 22, 27

\* *GTE New* Media *Services, Inc. v. Ameritech Corp.*,
    21 F. Supp. 2d 27 (D.D.C. 1998) ........................................................ *passim*

*GTE New Media Services Inc. v. Bellsouth Corp.*, 199 F.3d 1343
    (D.C. 2000) ................................................................................25

*Heroes, Inc. v. Heroes Found.*, 958 F. Supp. 1 (D.D.C. 1996)........................................15, 18, 23

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985) ..................16, 20

*Holiday Inns, Inc. v. Jamison*, 353 So. 2d 1269 (Fla. Dist. Ct. App. 1978) ................23

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)................................................22

*Ito v. Tokio Marine & Fire Ins. Co., Ltd.*, 166 Fed. Appx. 932
    (9th Cir. 2006)................................................................................40

*ITSI T.V. Prod. v. California Auth. of Racing Fairs*,
    785 F. Supp. 864 (E.D. Cal. 1992), *rev'd in part on other grounds*,
    3 F.3d 1289 (9th Cir. 1993) ................................................................29, 31

*Jacobs v. Felix Block Erben Verlag Fur Buhne Film Und Funk KG*,
160 F. Supp. 2d 722 (S.D.N.Y. 2001) ....................................................................43

*Kontoulas v. A.H. Robbins Co.*, 745 F.2d 312 (4th. Cir. 1984) ...............................36, 43

*KPMG Fin. Advisory Services Ltd. v. Diligence LLC*,
No. 05-CV-2204, 2006 WL 335768 (D.D.C. Feb 14, 2006) ...................................34

*Kroll v. Lieberman*, 244 F. Supp. 2d 100 (E.D.N.Y. 2003) ...........................................38

*Kutka v. Temporaries Inc.*, 568 F. Supp. 1527 (S.D. Tex. 1983) ...........................16, 20

*Litecubes LLC v. N. Light Prod., Inc.*, 523 F.3d 1353
(Fed. Cir. 2008) ....................................................................................................27, 28

\* *London Film Prods. Ltd. v. Intercontinental Comm'ns. Inc.*,
580 F. Supp. 47 (S.D.N.Y. 1984) ................................................................... *passim*

*Manu Int'l v. Avon Prods.*, 641 F.2d 62 (2nd Cir. 1981) .............................................32, 43

*Mfr. Hanover Trust Co. v. Palmer Corp.*
798 F. Supp. 161 (S.D.N.Y. 1992) ..................................................... 32-33, 37, 44

*Massaquoi v. Virgin Atl. Airways*, 945 F. Supp. 58 (S.D.N.Y. 1996) ...........................39

*McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 (1957) ..................................................19, 20

*Music Sales Ltd. v. Charles Dumont & Son, Inc.*, Civ. No. 09-1443,
2009 U.S. Dist. Lexis 97534 (D.N.J. Oct. 19, 2009) ..............................................31

*New Name, Inc. v. Walt Disney Co.*, No. CV 07-5034,
2007 WL 5061697 (C.D. Cal. Dec. 3, 2007) ........................................................30, 31

*Oddi v. Mariner-Denver, Inc.*, 461 F. Supp. 306 (S.D. Ind. 1978) ...............................23

*Osseiran v. Int'l Fin. Corp.*, 498 F. Supp. 2d 139
(D.D.C. 2007) .............................................................................................................36

*Pain v. United Tech. Corp.*, 637 F.2d 775 (D.C. Cir. 1980) .........................................34

\* *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981) .................................................... *passim*

*Rhee Bros, Inc. v. Seoul Shik Poom, Inc.*, 869 F. Supp. 31 (D.D.C. 1994) ...................16

*Saqui v. Pride Cent. America, LLC*, 595 F.3d 206 (5th Cir. 2010) ...............................35

*Shoppers Food Warehouse v. Moreno*, 746 A.2d 320 (D.C. 2000) ...........................18, 21

*Sinochem Int'l. Co. Ltd., v. Malaysia Int'l. Shipping Corp.*,
    549 U.S. 422 (2007)...................................................................................2, 33

*Slight By And Through Slight v. E.I. Du Pont*, 979 F. Supp. 433
    (S.D. W.Va. 1997) ....................................................................................14, 33

*Steel Co. v. Citizens for Better Env't.*, 523 U.S. 83 (1998).........................................14

*Steinbuch v. Cutler*, 518 F.3d 580 (8th Cir. 2008).......................................................25

*Stromberg v. Marriott Int'l, Inc.*, 474 F. Supp. 2d 57 (D.D.C. 2007)...........................34

*Twentieth Century Fox Int'l Corp. v. Scriba*, No. 08-56735,
    2010 WL 2545790 (9th Cir. Jun. 22, 2010)..............................................25

*Unidex Sys. Corp. v. Butz Eng'g. Corp.*, 406 F. Supp. 899 (D.D.C. 1976) ..................20

*White v. Arthur Murray, Inc.*, 549 P.2d 439 (Utah 1976)............................................23

*Wiwa v. Shell Petroleum Dev. Co. of Nigeria Ltd.*, 335 Fed. Appx. 81 (2d. Cir. 2009)...............25

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)...............................22

## STATUTES AND RULES

17 U.S.C. § 501 ...............................................................................................................28

28 U.S.C. § 1331 .......................................................................................................27, 28

28 U.S.C. § 1338(a) ..................................................................................................27, 28

28 U.S.C. § 1367..................................................................................................2, 28, 30

D.C. Code § 13-423 ........................................................................................................14

D.C. Code § 302(a)(1) ......................................................................................................1

Fed. R. Civ. P. 12(b)(1).....................................................................................................14

Fed. R. Civ. P. 12(b)(2).....................................................................................................13

## INTRODUCTION

Plaintiff submits this memorandum in opposition to the Motion to Dismiss of Defendant Vapiano SE ("Def. Br.") for lack of personal and subject matter jurisdiction and on *forum non conveniens* grounds.  Vapiano SE's motion to dismiss should be denied because Vapiano SE and this case are unquestionably connected with the District of Columbia.

In 2007, Vapiano SE expanded into the United States and opened two Vapiano restaurants in the District of Columbia, and three more in the Washington, D.C. metropolitan area.  Consistent with its global practice, Vapiano SE directed and required that these restaurants reflect the same unique image and décor of its Vapiano restaurants in Germany and elsewhere.  Hence, Vapiano SE directed that the Vapiano restaurants in Washington, D.C. and its suburbs display Plaintiff's copyright-protected photographs as a central focus in the restaurants despite Vapiano SE's knowledge that this was unauthorized and objected to by Plaintiff and without paying Plaintiff for her work.

This Court has personal jurisdiction over Vapiano SE under D.C. Code § 302(a)(1) because Plaintiff's claims arise out of Vapiano SE's transaction of business in the District of Columbia and Vapiano SE has minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice."

This matter arises out of Vapiano SE's continuing and intentional unauthorized use of Plaintiff's copyright-protected photographs in Vapiano restaurants in the District of Columbia, other parts of the United States, and around the world, as well as on its website.  The evidence shows that Vapiano SE directs the unauthorized use of Plaintiff's photographs, over Plaintiff's objections and without paying Plaintiff, in all Vapiano restaurants in the District of Columbia and around the world, thereby increasing Vapiano SE's profits from payments received from the restaurants.  (Compl.¶ 33.)

Vapiano SE also maintains an interactive website, which targets customers and potential customers in the District, and contains numerous images showing Plaintiff's copyright-protected photographs.  Vapiano SE's website specifically targets District of Columbia residents and potential customers and allows them to sign up for a Vapiano newsletter and to order food and drink from five different Vapiano restaurants in District of Columbia metropolitan area.  Vapiano SE's website also solicits franchisees from within the District of Columbia and provides interested parties with detailed information regarding Vapiano SE's franchising opportunities.

This Court also has subject matter jurisdiction over Plaintiff's claims.  Vapiano SE's claim that this Court lacks subject matter jurisdiction over certain of Plaintiff's claims is without merit.  Vapiano SE attempts to force Plaintiff to split her claims against Vapiano SE, which arise out of common facts and a single scheme by Vapiano SE to wrongfully exploit Plaintiff's copyrighted photographs, into multiple litigations thereby increasing Plaintiff's costs.  This Court has subject matter jurisdiction over all of Plaintiff's claims under Counts I and II of the Amendment Complaint because they are claims arising under the Copyright Act.  This Court has supplemental subject matter jurisdiction over Plaintiff's claims in Count III of the Amended Complaint under 28 U.S.C. § 1367.

Vapiano SE has failed to meet its "heavy burden" of proving that this Court should dismiss certain of Plaintiff's claims on *forum non conveniens* grounds.  Vapiano SE failed to identify an adequate alternative forum and Vapiano SE failed to demonstrate that an alternative forum has jurisdiction to hear the case and that "trial in the chosen forum would establish ... oppressiveness and vexation to [Vapiano SE] … out of all proportion to plaintiff's convenience." *Sinochem Int'l Co. Ltd., v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (internal quotations omitted).  To the contrary, splitting this matter into sixteen separate litigations

involving duplicative facts would be inconvenient to the parties and the witnesses and wasteful of judicial resources.

## **BACKGROUND**

Plaintiff is a professional photographer.  This action concerns her copyright-protected photographs that appear in a book about Neapolitan pizza.  Vapiano SE and the other Defendants in this action, without seeking or obtaining Plaintiff's permission and without paying Plaintiff any compensation, have appropriated several of her photographs from this book and used them to decorate their Italian restaurants in Washington, D.C. and around the world as the Amended Complaint itself unquestionably shows.  (Compl. ¶ 28 & Ex. 5 attached thereto.)  Plaintiff has repeatedly objected to Defendants' unauthorized use of her photographs and demanded compensation from them.  Vapiano SE and the other Defendants have ignored Plaintiff and continue to misappropriate her photographs and display them in additional Vapiano restaurants. Vapiano SE now complains that it should not have to answer for these misdeeds in one of the locations where, despite repeated requests to cease and desist, several "Vapiano" restaurants are still displaying the misappropriated photographs and where Vapiano SE actively solicits customers and franchisees via its website, which also still displays Plaintiff's misappropriated photographs.

### **Plaintiff And Her Protected Photographs**

Plaintiff, Ewa-Marie Rundquist, is an internationally-renowned professional photographer based in Stockholm, Sweden.  (Compl. ¶ 12.)  Her work has appeared in numerous well-known magazines, such as *Vogue*, *Elle*, and *Glamour*.  (*Id.*)  Rundquist's photographs have been featured in advertising campaigns for well-known brands such as Benetton, H&M, Wella and Boomerang.  (*Id.*)  Her photographs have appeared in several bestselling cookbooks,

including the book entitled *La Pizza: The True Story from Naples* (hereinafter "*La Pizza*"), the

text of which was written by Nikko Amandonico.  (*Id.* at ¶ 13.)

La Pizza is an account of the history of the Neapolitan pizza and the Italian city of

Naples.  (*Id.* at ¶ 14.)  The book contains numerous photographs taken by Rundquist, including

photographs of Italian street scenes and Italians eating and cooking pizza and other foods.  (*Id.*)

In each copy of *La Pizza* there is a clear statement that the photographs appearing in the book are

Rundquist's and are protected by copyright.  (*Id.* at ¶ 16.)  Specifically, the notice states:

"Copyright © photo cover and pages [followed by page numbers where Rundquist's photographs

appear] Ewa-Marie Rundquist."  (*Id.*)

Rundquist's photographs in *La Pizza* (hereinafter "Plaintiff's Protected Photographs") are

at the heart of this dispute.  (*Id.*)

**The Unlawful Use Of Plaintiff's Protected Photographs Is Central To Vapiano SE's Design Concept For Vapiano**

In 2001, four partners, including Kent Hahne, Gregor Gerlach, and Klaus Radar, founded

what is now known as Vapiano SE.  (Schaefer Decl. Ex. 1 at 1-2.)  They opened their first

Vapiano restaurant in Hamburg, Germany in October 2002.  (*Id.* at Ex. 16.)  Vapiano restaurants

are upscale Italian restaurants with a unique design concept and a uniform layout.  (*See id.*; *see also* Compl. ¶ 18.)

The display of multiple reproductions of Plaintiff's Protected Photographs from *La Pizza*

is a central décor element of the Vapiano restaurants.  (Compl. ¶ 24.)  Vapiano SE acknowledges

licensing "certain Vapiano intellectual property relating to the restaurant business" to its

franchisees.  (Silz Decl. ¶¶ 4, 10.)  Plaintiff's Protected Photographs  adorn the walls of Vapiano

restaurants across the globe.  (Compl. ¶ 29.)

Mr. Silz, Vapiano SE's managing director, states in his declaration that Plaintiff's Protected Photographs were "supplied by an architect that has done work for various operators of different Vapiano restaurants."  (Silz Decl. ¶ 10.)  The evidence shows that this "architect" is one of Vapiano's executives.

Vapiano SE's marketing and press materials state that the Vapiano restaurants are "designed by Milan's star designer, Matteo Thun," and that with his designs, "[t]he restaurant radiates an atmosphere of Italian lifestyle."  (Compl. ¶ 24; Schaefer Decl. Ex. 2 ("Hot European Concept Hitting Metro DC").)  Thun provided the "[r]estaurant design concept and application" for Vapiano starting in 2002.  (Schaefer Decl. Ex. 3.)  Thun is listed as an executive of Vapiano.  (*Id*. at Ex. 4.)  On his personal website, Mr. Thun lists Vapiano SE as his client, and displays images from the first Vapiano restaurants that were opened by Vapiano SE.  (*Id*. at Ex. 3.)  Equally clear from Mr. Thun's website is that Plaintiff's Protected Photographs were a part of the design of the first Vapiano restaurants, owned and operated by Vapiano SE, because these photographs are clearly displayed in the images of these restaurants.  (*Id*.)

## Vapiano SE Expands The Unlawful Use Of Plaintiff's Protected Photographs To Franchisees

In August 2004, Vapiano SE began offering Vapiano franchises.  (*Id*. at Ex. 1 at item 1.)  In order to expand Vapiano's presence, at least two of Vapiano SE's original founders, Kent Hahne and Klaus Rader, formed Defendant Vapiano International in June 2005, and then Defendant Vapiano Franchise in 2007.  (Compl. ¶¶ 9-10; Schaefer Decl. Ex. 1 at Item 1-2, Ex. 5.)  Both Vapiano Franchise and Vapiano International are limited liability companies organized and existing under the laws of Delaware, and both companies' place of business is located in McLean, Virginia.  (Compl. ¶¶ 6-7; Schaefer Decl. Ex. 1 at item 1.)

Vapiano SE, Vapiano International, and Vapiano Franchise operate under common direction and control and are acting in concert market, own, operate, license or franchise Vapiano restaurants in the District of Columbia, Virginia, Florida, Texas and elsewhere in the United States and around the world.  (Compl. ¶ 8; Silz Decl. ¶ 11; *see also* Schaefer Decl. Ex. 6.) Worldwide, Defendants have established over seventy Vapiano restaurants in over sixteen countries, with more than one hundred new Vapiano restaurants currently in development. (Compl. ¶ 8; *see also* Schaefer Decl. Ex. 7.)  Defendants plan to open and franchise additional Vapiano restaurants in various cities in the United States in the near future.  (Compl. ¶ 18.)  The evidence shows that Defendants will continue to make unauthorized use of Plaintiff's Protected Photographs in these new Vapiano restaurants.  (*Id*.)

All of the Vapiano restaurants worldwide are owned (wholly or as part of a joint venture), operated, or franchised by Vapiano SE (Silz Decl. ¶ 11), which directs them to make unauthorized use of Plaintiff's Protected Photographs (Compl. ¶ 26).  Vapiano SE maintains a close relationship with each of its franchisees, directs and controls the décor of the Vapiano restaurants to ensure a uniform appearance (*Id*. at ¶ 18; Schaefer Decl. Ex. 1 at item 8, Ex. 14), and receives continuing monthly royalties and other fees from its franchisees (Schaefer Decl. Ex. 14 ("All franchise programs there are [sic] based on the same fee structure; an initial fee and monthly royalties throughout the term of the franchise.  The initial fee varies depending on the particular program.  In addition an advertising contribution payment of 1% of the net sales will be charged.").)

In his declaration, Mr. Silz alleges that "Vapiano International paid a flat license fee to Vapiano SE" and that "Vapiano SE earns no income from International LLC based on the operation of any restaurant in the District of Columbia."  (Silz Decl. ¶¶ 8-9.)  This statement is

inaccurate according to Vapiano SE's own documents.  Vapiano SE claims to have given

Vapiano International an "area development franchise" (*Id.* at ¶ 12), which is the exclusive right

to develop Vapiano restaurants in the United States, including in Washington, D.C.  (Schaefer

Decl. Ex. 14 (noting that Vapiano SE offers two types of franchises – "single franchise

ventures," involving a single restaurant, and "area development arrangements," which offer the

franchisee the "opportunity to fully develop a particular city or region in Germany or in a foreign

country.  Franchise ventures outside Germany are structured as area developments only.").)

Moreover, according to its corporate documents, Vapiano International transferred its

development agreements to Vapiano Franchise.  (Schaefer Decl. Ex. 1 at item 1.)  Thus,

according to its own description of its franchise fees, Vapiano SE receives "royalty payments,"

which are "income," from Vapiano Franchise for the Vapiano restaurants in the United States.

**The Vapiano Defendants' Relationship**

Vapiano SE, Vapiano International, and Vapiano Franchise share the same name and are

related entities that operate in concert.  (Compl. ¶¶ 6-8; *see also* Schaefer Decl. Ex. 1 at item 1-2,

Ex. 14.)  Vapiano SE is an affiliate of Vapiano International and Vapiano Franchise.  (Compl.

¶¶ 8, 18; Schaefer Decl. Ex. 1 at item 1.)  Vapiano International is or was, a subsidiary of

Vapiano SE (Compl. ¶ 6), a fact noted on Vapiano SE's website and several other sources

(Schaefer Decl. Exs. 5, 9; *see also* Schaefer Decl. Ex. 2 ("Vapiano Expands Global Presence,"

describing Vapiano International as "a subsidiary of the German company Vapiano AG").)

All three companies are controlled by the same principals:

- Vapiano SE's Chairman of the Board and its original investor is
  Gregor Gerlach, who is also the Chief Financial Officer of Vapiano
  International and Vice President and Director of Vapiano Franchise.

- Vapiano SE's President and one of its original founders is Kent Hahne,
  who is also the President and Chairman of the Board of Vapiano
  Franchise and Vapiano International.

- Another of Vapiano SE's original founders is Klaus Rader, who is also the Executive Vice President and Secretary of Vapiano International and the Vice President and Director of Vapiano Franchise.

- Vapiano SE's former Director of Franchising and Sales and Expansion is Martin Luible, who is also the Chief Operating Officer for Vapiano Franchise and Vapiano International.

(Compl. ¶ 8; Schaefer Decl. Ex. 1 at item 2, Ex. 4.)

**Vapiano SE Directs And Controls The Operation Of All Vapiano Restaurants**

Vapiano International and Vapiano Franchise are controlled by Vapiano SE and act as Vapiano SE's agents with respect to Vapiano restaurants in, among other places, the United States.  (Compl. ¶ 19.)  Vapiano SE, Vapiano International, and Vapiano Franchise also share a common purpose, namely the operation and promotion of Vapiano restaurants (that wrongfully make unauthorized use of Plaintiff's Protected Photographs).  (*Id*. at ¶ 8.)  Vapiano SE's President, the company's marketing materials, and the company's press releases refer to Vapiano SE, Vapiano International, and Vapiano Franchise collectively and without specification as "Vapiano."  (Schaefer Decl. Ex. 2.)

Vapiano press releases, maintained on Vapiano SE's website, detail the expansion of Vapiano in the United States and elsewhere.  (*Id.*)  Many of these press releases were issued from within the District of Columbia and of those, eight include quotes from Kent Hahne, speaking as President of "Vapiano," which is an obvious reference to the collective Vapiano Defendants.  (*Id.*)

Key Vapiano SE executives conduct business in the District of Columbia area related to nearby Vapiano restaurants.  For example, in April 2007, Vapiano SE's Chairman of the Board, Gregor Gerlach, its President Kent Hahne, an investor, Friedman Findeis, and one of its founders, Klaus Rader, were all present for the opening of the first Vapiano restaurant in North America, which displays Plaintiff's Protected Photographs as part of its décor.  (Schaefer Decl.

Ex. 10.)  And while the carefully crafted declaration of Mirko Silz states that Vapiano SE has "no employee" in the United States (Silz Decl. ¶ 2), Vapiano SE's President, Kent Hahne, who admittedly might not be considered merely an "employee," lives and works just outside of Washington, D.C.  (Schaefer Decl. Ex. 1 at items 1-2, Exs. 2, 4, 17.)

Vapiano SE's website,[1] www.vapiano.com, of which Vapiano SE admits ownership (Silz Decl. ¶ 12), targets customers in the United States generally and in the District of Columbia specifically with Plaintiff's Protected Photographs.  (Compl. ¶ 28; Schaefer Decl. Ex. 11 (displaying pictures of Plaintiff's Protected Photographs on Vapiano SE's website).)  On its home page for the United States, a red and white banner in the upper right corner of the webpage entices customers to "ORDER ONLINE."  (Schaefer Decl. Ex. 11.)  Below the banner, a series of images rotate, including three images of Vapiano restaurants with Plaintiff's Protected Photographs visible.  (*Id.*)  Once clicked, the banner links visitors to a page allowing them to order food and drink from any of six Vapiano restaurants in the United States, including two in the District of Columbia and three more in the D.C. metropolitan area.  (*Id.* at Ex. 12.)

Customers may also sign up for a newsletter by providing an email address and choosing from one of eight Vapiano restaurant locations in the United States, including two in the District and three more in the D.C. metropolitan area.  (*Id.* at Ex. 13.)

Vapiano SE also solicits franchisees for the United States through its website.  Vapiano SE's website, which is accessible worldwide, specifically discusses franchise opportunities in

---

1. Vapiano SE demonstrates its close connection to Vapiano operations in the United States by claiming that some of the content on its own website is "supplied by Vapiano International LLC."  (Def. Br. at 4.)  Regardless of the source of the content, Vapiano SE concedes that the website is its own and notably does not claim that any of the content is false or misleading. (Silz Decl. ¶ 12.)  Moreover, Vapiano International has a separate website, www.vapianointernational.com.

and outside of Germany, with no restrictions based on the alleged exclusive license.  (*Id*. at Ex. 8, 14.)  These portions of Vapiano SE's website *do not* direct visitors interested in American franchises to Vapiano International.  In fact, most of Vapiano SE's press releases discussing franchise opportunities direct interested parties to visit Vapiano SE's website, www.vapiano.com, not Vapiano International's website, www.vapianointernational.com, for more information.  (*Id*. at Ex. 2.)  Likewise, the Uniform Franchise Disclosure Document available through Vapiano SE's website has Vapiano SE's website, www.vapiano.com, on its first page.  (*Id*. at Ex. 1.)

Thus, far from being a passive website with interactivity "limited to the ability to send a request for additional information or other message to Vapiano," and "no ability to conduct a business transaction with Vapiano SE" (Silz Decl. ¶ 12), Vapiano SE's website is in fact interactive and solicits residents from the District of Columbia and elsewhere in the United States to conduct business with it.

The evidence shows that Vapiano SE is involved in the operation of all Vapiano restaurants, whether as an owner, operator, franchisor, licensor or illicit purveyor of unauthorized copies of Plaintiff's Protected Photographs.  Vapiano SE maintains a close ongoing relationship with its franchisees.  On its website, Vapiano SE explains that, "[t]he decision for a VAPIANO SE franchise model does not only involve the decision for a system where fresh and light food meets speedy service but also for the benefits of well established know [sic] and the resources of VAPIANO SE in relation to franchising."  (Schaefer Decl. Ex. 14; *see also id.* at Ex. 8 ("SUPPORT").)  In fact, in a page soliciting potential franchisees, Vapiano SE boasts that a Vapiano franchise offers, among other things:

- Support in relation to site selection and site analysis;

- Central logistics and product supply based on high quality standards at reasonable terms and conditions;

- Professional counseling and support in training, marketing, construction aimed to make you a successful entrepreneur;

- A reliable franchisor where transparency and true partnership comes first; and

- Ongoing system development.

(*Id*. at Ex. 14.)

**Vapiano SE Requires And Directs The Display Of Plaintiff's Protected Photographs**

All Vapiano restaurants, in the United States and elsewhere, are operated under a comprehensive, uniform system.  (Compl. ¶ 23.)  All Vapiano restaurants have the same décor and a consistent look throughout.  (*Id.* at ¶¶ 23, 24; Schaefer Decl. Ex. 14 (noting the "[u]niform layout").)  Vapiano SE promotes the décor of their Vapiano Restaurants.  (Compl. ¶ 24.)

Vapiano SE's marketing and press materials note that:

> "Vapiano puts a new spin on the dining experience with its urban upscale Italian décor and its modern customer service…
>
> Vapiano . . . distinguishes itself through . . . an unmistakable image created by Milan's star designer, Matteo Thun.  The restaurant radiates an atmosphere of Italian lifestyle."

(*Id*.)  Vapiano SE identifies its "ambience" and "image" as the "Cornerstones" of its philosophy and boasts that a Vapiano franchise offers a "[u]niform layout … [h]igh profile and unparalleled life style ambiance based on the concept of a famous architect."  (Schaefer Decl. Ex. 14.)

Vapiano SE directs and controls the appearance and décor of all Vapiano restaurants including the unlawful use of Plaintiff's Protected Photographs.  (Compl. ¶ 18.)  In fact, the Franchise Disclosure Document for the United States clearly states that a franchisee may not display, "install or permit to be installed on the Restaurant premises any … décor items … without [Franchisor's] written consent or which do not comply with [Franchisor's]

- 11 -

specifications." (Schaefer Decl. Ex. 1 at item 8.) Vapiano SE, along with Vapiano International and Vapiano Franchise, require and direct that all Vapiano restaurants around the world prominently display Plaintiff's Protected Photographs as a central part of those restaurants' décor. (Compl. ¶ 26.) This is done despite Plaintiff's protests, despite Vapiano SE's knowledge that it is misappropriating Plaintiff's intellectual property, and without compensating Plaintiff. (*Id*. at ¶ 29.)

When the Vapiano Defendants opened Vapiano restaurants in the United States, Vapiano SE required the restaurants to replicate and employ the unique design created by Vapiano SE, including the "spare and contemporary interior, designed by Matteo Thun," with its "[b]lack-and-white photographs of Italian street scenes hang[ing] here and there." (*Id*. at ¶ 27; Schaefer Decl. Ex. 15.) An article on Vapiano SE's website, quoting its President Kent Hahne, describes the painstaking process of copying, in detail, the design of Vapiano's restaurants in Germany and recreating it in the United States in order to open the first American Vapiano location. (Schaefer Decl. Ex. 15.) The article includes several pictures, one of which clearly shows three of Plaintiff's Protected Photographs hanging in the interior of the newly decorated restaurant. (*Id*.)

**Vapiano SE Intentionally Usurped Plaintiff's Protected Photographs**

Vapiano SE has displayed, and caused to be displayed, Plaintiff's Protected Photographs in their Vapiano restaurants in the United States and elsewhere in the world and on Vapiano websites without obtaining Plaintiff's permission or consent. (Compl. ¶ 29.) Plaintiff has on numerous occasions advised Defendants that she objects to their unauthorized and unlawful use of her photographs. (*Id.*) Defendants have ignored Plaintiff's valid objections, and have refused to stop their unauthorized and unlawful use of Plaintiff's Protected Photographs. (*Id.*) Defendants have never paid Plaintiff anything for their unlawful use of her property. (*Id.*)

Vapiano SE knew at all relevant times that Plaintiff's Protected Photographs were owned by Plaintiff and that Vapiano SE did not have permission from Plaintiff to copy and display Plaintiff's Protected Photographs.  (*Id*. at ¶ 30.)  Vapiano SE never made any effort to obtain such rights before or after it copied and displayed Plaintiff's Protected Photographs.  (*Id.*)  Vapiano SE intentionally misappropriated Plaintiff's Protected Photographs as the primary décor element of their Vapiano restaurants in the United States and elsewhere in the world and on Vapiano's websites.  (*Id.*)

## ARGUMENT

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a plaintiff may defeat a motion to dismiss an action for lack of personal jurisdiction by making a *prima facie* showing of jurisdiction through the pleading of legally sufficient allegations.  *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998); *Chase v. Pan-Pacific Broad., Inc.*, 617 F. Supp. 1414, 1415 n.1 (D.D.C. 1985).  The Court may consider facts outside the complaint when ruling on a motion to dismiss for lack of jurisdiction.  *See Arista Records Inc. v. Sakfield Holding Co.*, 314 F. Supp. 2d 27, 31 (D.D.C. 2004) (noting that the Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts"); *Chase*, 617 F. Supp. at 1415 n.1.  However, the allegations in the complaint must be viewed in the light most favorable to plaintiff's claims and any factual discrepancies within the affidavits are resolved in plaintiff's favor.  *GTE New Media*, 21 F. Supp. at 36; *Arista Records Inc.*, 314 F. Supp. 2d at 31.  "[O]therwise a defendant could obtain a dismissal simply by controverting the facts established by plaintiff through affidavits."  *Chase*, 617 F. Supp. at 1415 n.1.  As discussed below, Plaintiff has adequately alleged facts sufficient to establish personal jurisdiction over Vapiano SE; therefore, Vapiano SE's motion to dismiss should be denied.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the necessary standard of pleading is even lower, and a plaintiff may defeat a motion to dismiss an action for lack of subject matter jurisdiction by showing only that her cause of action is within the Court's purview and that her claim is not "clearly… immaterial and made solely for the purpose of obtaining [federal] jurisdiction." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998) (citation omitted). Merely properly setting forth a claim under a federal statute creates subject matter jurisdiction, and the Court need not examine the legal sufficiency of the facts alleged nor in which light to view said facts. *Binderup v. Pathe Exch., Inc.*, 263 U.S. 291, 305 (1923) ("this jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue as to the legal sufficiency of the facts alleged"). As discussed below, Plaintiff has adequately pled her case under a federal statute, thus establishing subject matter jurisdiction over Vapiano SE; therefore, Vapiano SE's motion to dismiss should be denied.

A motion to dismiss for *forum non conveniens* should be denied unless defendant overcomes the presumption in favor of a foreign plaintiff's chosen forum by demonstrating that the balance of private and public factors favors the alternative forum. *Slight By And Through Slight v. E.I. Du Pont*, 979 F. Supp. 433, 442 (S.D. W.Va. 1997) (defendant failed to demonstrate that factors weighed in favor of dismissal despite reduced weight accorded plaintiffs' chosen forum). In considering a motion to dismiss pursuant to the doctrine of *forum non conveniens*, the Court may consider facts not pleaded in the complaint. *See Croseus EMTR Master Fund L.P. v. Federative Republic of Brazil*, 212 F. Supp. 2d 30, 32 n.1 (D.D.C. 2002). As discussed below, Plaintiff's choice of forum is proper and Vapiano SE has provided no evidence showing another forum is more appropriate; therefore, Vapiano SE's motion to dismiss should be denied.

I.    **THIS COURT HAS PERSONAL JURISDICTION OVER VAPIANO SE**

The District's long-arm statute, D.C. Code § 13-423, provides that a court may exercise personal jurisdiction over a foreign corporation where: "(1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District; and (3) the defendant had minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'"  *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46, 48 (D.C. Cir. 1994).  This provision of the long arm statute is co-extensive with the United States Constitution's due process guarantee.  *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987).

Here, this Court has personal jurisdiction over Vapiano SE.  Vapiano SE took deliberate actions that created significant and ongoing connections with the District.  And these actions, which related to the operation and oversight of Vapiano restaurants in the United States and the solicitation of District residents through its website, relate directly to the claims in this case which allege, inter alia, that Vapiano SE is displaying and requiring the display of Plaintiff's Protected Photographs in its restaurants in the District and around the world, and that Vapiano SE uses Plaintiff's Protected Photographs on its website to solicit customers in the District and around the world.  (Compl. ¶¶ 36, 37, 48, 49, 55.)  The facts as alleged in the Complaint, viewed, as they must be, in the light most favorable to Plaintiff and resolving any factual discrepancy in favor of Plaintiff, show that Vapiano SE is subject to personal jurisdiction.

A.    **Vapiano SE Transacts Business In The District**

"The 'transacting any business'" clause of the District's long-arm statute provides jurisdiction to the full extent allowed by the Due Process Clause.  *Heroes, Inc. v. Heroes Found.*, 958 F. Supp. 1, 2 (D.D.C. 1996).  Thus, statutory and constitutional jurisdictional questions merge into a single inquiry.  *Id*.

### 1. Vapiano SE Owns Or Controls Two Vapiano Restaurants In The District

Vapiano SE owns, controls, or operates two Vapiano restaurants located in the District (Compl. ¶ 18, 19), a fact the Silz Declaration does not directly contradict and must therefore be taken as true. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Even if the Silz Declaration denied that Vapiano SE owns, controls, and operates the two District Vapiano locations, the numerous Vapiano press releases maintained by Vapiano SE on its own website, which plainly state that the Washington, D.C. Vapiano restaurants were "corporately owned," would raise a factual discrepancy, which should be resolved in Plaintiff's favor. *Arista Records Inc.*, 314 F. Supp. 2d at 31; *GTE New Media*, 21 F. Supp. 2d at 36.

The ownership, control, or operation of two restaurants in the District is clearly sufficient to support personal jurisdiction. Even the authorization and establishment of a franchise in a forum is sufficient to establish personal jurisdiction. *Kutka v. Temporaries Inc.*, 568 F. Supp. 1527, 1532 (S.D. Tex. 1983) (finding that "authorizing and acting in the establishment of the franchise … and receiving franchise fees [was] sufficient for federal due process purposes and for purposes of the Texas long-arm statute"); *see also CutCo Indus. v. Naughton*, 806 F.2d 361, 367 (2d Cir. 1986) (finding personal jurisdiction where defendant visited forum for franchise-related business); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 61 (2d Cir. 1985) (finding franchisor was subject to personal jurisdiction where its president travelled to the forum for franchise-related business). And even one customer is sufficient to satisfy the "transacting business" clause of the District's long arm statute. *Rhee Bros, Inc. v. Seoul Shik Poom, Inc.*, 869 F. Supp. 31, 33 (D.D.C. 1994) (finding personal jurisdiction where defendant had only one customer in the District).

### 2.      Vapiano SE Transacts Business In The District Through Its Website

A corporation's use of interactive websites to solicit or transact business with users in the District satisfies the requirement for personal jurisdiction.  *See GTE New Media*, 21 F. Supp. 2d at 38; s*ee also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510-11 (D.C. Cir. 2002); *Arista Records*, 314 F. Supp. 2d at 31.  For purposes of assessing whether personal jurisdiction over a defendant doing business via the internet is warranted in a particular case, courts generally look to the level and "quality of the commercial activity that an entity conducts over the internet."  *GTE New Media*, 21 F. Supp. 2d at 38 (citations omitted).

The website that Vapiano SE admits it owns, www.vapiano.com (Silz Decl. ¶ 12), is an interactive website through which Vapiano SE solicits and allows customers to place meal orders with local Vapiano restaurants.  Vapiano SE specifically targets District residents with its website by allowing customers to order food from two Vapiano restaurants in the District and three more in the D.C. metropolitan area.  (Schaefer Decl. Exs. 11, 12.)  It also uses Plaintiff's Protected Photographs – which are displayed on the same webpage as the "Order Online" banner – to entice District customers to order food.  (Compl. ¶¶ 36, 50; Schaefer Decl. Ex. 11.)

Vapiano SE uses this same website to solicit franchisees from the District.  (Schaefer Decl. Exs. 8, 14.)  Vapiano SE states that it is seeking franchisees and offers significant and detailed information for interested parties.  (Compl. ¶¶ 20, 22; Schaefer Decl. Exs. 8, 14.)  Vapiano SE also has issued fourteen press releases discussing the expansion and franchising of Vapiano in the District and throughout the United States and inviting interested parties to visit its website, www.vapiano.com, for more information.  (Schaefer Decl. Ex. 2; Compl. ¶¶ 20, 22.)  Vapiano SE specifically targeted District residents with its franchise solicitations by issuing twelve of these press releases, all of which are maintained and displayed on Vapiano SE's website, from the District.  (Schaefer Decl. Ex. 2.)

As an interactive website through which Vapiano SE conducts "a direct commercial transaction with users in the forum district over the Internet," Vapiano SE's website is sufficient for the exercise of personal jurisdiction. *GTE New Media*, 21 F. Supp. 2d at 38.

**3.    Vapiano SE Transacts Business In The District By Promoting Vapiano Restaurants And Their Décor In The District**

Vapiano SE promotes Vapiano and the décor of their Vapiano restaurants and directs that promotion at residents of the District. (Compl. ¶ 24.)  For example, Vapiano SE has issued at least twelve press releases from the District, and two from nearby McLean, Virginia, discussing Vapiano's food, ambience, success and expansion since June 16, 2006.  Advertisements of this kind, directed at District residents, are sufficient to confer personal jurisdiction, especially when combined with other contacts with the District.  *See Heroes, Inc.*, 958 F. Supp. at 3-4 (finding personal jurisdiction where advertisement placed in District newspaper invited readers to donate funds, and organization had website soliciting donations); *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 331 (D.C. 2000), *cert. denied*, 530 U.S. 1270 (finding that defendant transacted business in the District for purposes of finding personal jurisdiction where it advertised in District newspaper with large circulation and that advertisement was designed to target and attract District residents to defendant's stores not located in the District).

**4.    Vapiano SE's Other Contacts With The District**

Vapiano SE engages in other conduct with the District which demonstrates that it transacts business in the District sufficient to warrant personal jurisdiction.

The fact that Vapiano SE entered into an agreement to develop Vapiano restaurants in the District is indicative of its significant contacts with the District. *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 21 (D.D.C. 2002) (noting, in determining personal jurisdiction, that defendant "has substantial contacts with the District by virtue of" its contract with an entity

headquartered in the District); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (noting that the purposeful direction of activities toward a forum for benefit is significant).  Vapiano SE sought out contact with the District, and cannot now complain that it is being held responsible for that contact in the District.  *McGee v. Inter'l Life Ins. Co.*, 355 U.S. 220, 224 (1957) (holding that where a Texas insurance corporation issued a single contract in California, jurisdiction was proper in California because the company had sought out the contact with the forum).

Vapiano SE's ongoing contractual relationship with Vapiano International and Vapiano Franchise is also indicative of its significant contacts with the District.  *George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 653 (N.Y. 1977) (noting that whether defendant has an on-going contractual relationship with a corporation in the forum is a factor in determining whether defendant transacts business in that forum); *CompuServe*, 89 F.3d at 1266 (noting that defendant's relationship with a company within the forum, which was ongoing in nature, not a "one-shot affair" was "crucial" in determining personal jurisdiction).  In fact, as discussed above, Vapiano SE maintains a close relationship with its franchisees, offers ongoing training and oversight, and requires and directs the décor of all Vapiano restaurants, including the display of Plaintiff's Protected Photographs.  (Compl. ¶¶ 26, 37, 48.)  With respect to the Vapiano restaurants located in the District, Vapiano SE required that they slavishly replicate the décor of its German locations, including the use of Plaintiff's Protected Photographs, which were a central theme in Vapiano SE's "unmistakable image" and "uniform layout."  (Schaefer Decl. Exs. 2, 14.)  Vapiano SE's level of involvement and control over its American affiliates demonstrates the significance and continuity of Vapiano SE's contacts with the District of Columbia and its purposeful availment of the benefits of transacting business in the District.

The fact that Vapiano SE's executives travel to the District and transact business with a franchisee in the District of Columbia demonstrates that personal jurisdiction is warranted. *See, e.g.*, *CutCo Indus.*, 806 F.2d at 367 (finding personal jurisdiction where defendant twice visited the forum for business related to franchising); *Hoffritz for Cutlery*, 763 F.2d at 61 (finding personal jurisdiction over corporate franchisor where its president travelled to the forum for business relating to the franchise); *Unidex Sys. Corp. v. Butz Eng'g. Corp.*, 406 F. Supp. 899, 901-02 (D.D.C. 1976) (conferences, meetings and other activities conducted in the district relating to contract were sufficient minimal contacts). Kent Hahne, Vapiano SE's President and original founder, lives and works in the District area, and has been quoted in a number of Vapiano press releases issued from within the District of Columbia. (Schaefer Decl. Ex. 1 at items 1-2, Exs. 2, 4, 17.) Similarly, in April 2007, Vapiano SE's Chairman of the Board, Gregor Gerlach, its President Kent Hahne, and one of its founders, Klaus Rader, all traveled to the District metropolitan area for the opening of the first Vapiano restaurant in North America, which displays Plaintiff's Protected Photographs as part of its décor. (Schaefer Decl. Ex. 10.)

Finally, according to its own description of its franchise fees on its website, Vapiano SE receives "monthly royalties" and "an advertising contribution payment of 1% of the net sales" from "[a]ll franchise[es]," including those in the United States. (Schaefer Decl. Ex. 14.) This financial benefit from its contacts with the District demonstrates the significance of Vapiano SE's purposeful availment with the District. *See McGee*, 355 U.S. at 223 (finding personal jurisdiction proper where company issued a single insurance contract in the forum and received premium payments from the forum); *CutCo*, 806 F.2d at 368 (finding *prima facie* personal jurisdiction where franchise sent notices and payments into the forum state); *Kutka*, 568 F. Supp. at 1532 (finding that "authorizing and acting in the establishment of the franchise … and

receiving franchise fees [was] sufficient for federal due process purposes and for purposes of the Texas long-arm statute").

## B.   Plaintiff's Claims Arise From Vapiano SE's Business In The District

The limitation in the District's long arm statute that the claim for relief must arise from a transaction in the District is meant to prevent claims "that do not bear some relationship to the acts in the forum state relied upon to confer jurisdiction." *Shoppers Food Warehouse*, 746 A.2d at 326 (quoting *Malinow v. Eberly*, 322 F. Supp. 594, 599 (D. Md. 1971)).  "Once, however, the claim is related to acts in the District, [the long arm statute] does not require that the scope of the claim be limited to activity within this jurisdiction." *Id.*; *Cohane v. Arpeja-California, Inc.*, 385 A.2d 153, 158-59 (D.C. 1978).

Plaintiff alleges injuries arising from Vapiano SE's unauthorized use of her Protected Photographs on its website and in its restaurant locations around the world, including in the District.  Vapiano SE's contacts with the District all relate to its use of Plaintiff's Protected Photograph on its website and in its restaurants.  There can be no question that Plaintiff's claims "arise under" Vapiano SE's contacts with the District, especially because in determining whether claims "arise under" contacts with a forum for personal jurisdiction purposes, D.C. Courts "broadly construe" those claims.  *Cohane*, 385 A.2d at 159; *see, e.g.*, *Shoppers Food Warehouse*, 746 A.2d at 331-32 (finding that injuries from a slip and fall that occurred in a store outside of the District were sufficiently related to the store's advertising directed at District residents to satisfy the requirement that the alleged injuries "arise out of or relate to those activities").

## C.   Vapiano SE's Contacts With The District Render Personal Jurisdiction In This Court Consistent With Constitutional Due Process

The assertion of personal jurisdiction must meet the constitutional minimum required for due process.  "The requirements of due process 'are satisfied when *in personam* jurisdiction is

asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Gorman*, 293 F.3d at 509 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)) (additional internal quotation marks omitted).  A court will find minimum contacts in any case where defendant's conduct is such that "he should reasonably anticipate being haled into court" in the forum.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The evidence gathered from Vapiano SE's website and other publicly available sources, constitute evidence of sufficient business activity in the U.S. and in the District such that Vapiano SE should "reasonably anticipate being haled into court [in the District]," if not for any other reason, than to answer Plaintiff's claim of copyright infringement.  *See id.*; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (holding that, at the very least, there must be "minimum contacts" between defendant and the forum such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."); *Arista Records*, 314 F. Supp. 2d at 30.

Vapiano SE specifically targeted the District.  Vapiano SE affirmatively reached into the District by opening two restaurants and entering into contractual agreements with Vapiano International and Vapiano Franchise regarding the operating and establishment of those restaurants.  Vapiano SE continues to reach into the District by asserting control over those restaurants and their décor and by sending its executives into the District to conduct business related to those restaurants.  (Compl. ¶¶ 8, 18; Schaefer Decl. Ex. 1 at item 8, Exs. 10, 14.) Vapiano SE maintains a connection with the District through its close contacts with Vapiano International and Vapiano Franchise and by receiving monthly payments from the District. (Schaefer Decl. Ex. 14.)  Vapiano SE has clearly and repeatedly targeted District customers and

potential franchisees through its website and through its press releases.  (Schaefer Decl. Ex. 2.)

Taken together, these acts demonstrate that Vapiano SE has "purposefully availed itself of the

privilege of conducting business activities within the District, and could reasonably anticipate the

possibility of being haled into court there."  *Heroes, Inc.*, 958 F. Supp. at 5.  There is no doubt

that the Court's exercise of jurisdiction over Vapiano SE comports with the requirements of due

process.

Vapiano SE's assertion that it has insufficient contact with the District to support

personal jurisdiction is unavailing.  (Def. Br. at 7.)  The cases cited by Vapiano SE, all but one of

which pre-date the Supreme Court's seminal ruling in *Burger King v. Rudzewicz*, 471 U.S. 462

(1985), were all dismissed because plaintiffs failed to establish either that defendant had any

contact with the forum or that there was any liability attributable to the defendant.  *Holiday Inns,

Inc. v. Jamison*, 353 So. 2d 1269, 1269 (Fla. Dist. Ct. App. 1978) (dismissing an action when

plaintiff failed to provide any evidence connecting any actions by the franchisor with a slip and

fall accident); *White v. Arthur Murray, Inc.*, 549 P.2d 439, 440 (Utah 1976) (no personal

jurisdiction where franchisor presented evidence showing that, as part of the franchise

agreement, the franchisee had clearly advertised that it was merely a franchisee and that the

dance studio was in no way owned or operated by the franchisor); *Campos Enterprises, Inc. v.

Edwin K. Williams & Co.*, 125 N.M. 691, 696 (N.M. Ct. App. 1998) (no personal jurisdiction

where defendant failed to link any of franchisor's actions with the franchisee's professional error

which was basis of claim); *Oddi v. Mariner-Denver, Inc.*, 461 F. Supp. 306, 308 (S.D. Ind. 1978)

(dismissing for lack of personal jurisdiction a claim based on a customer's injuries stemming

from an insect infestation in a franchisee's hotel where plaintiff provided no evidence that

franchisor had any connection with the infestation).  As discussed above, in contrast to the

defendants in these cases, Vapiano SE has had significant contacts with this forum.  Vapiano SE, in fact, affirmatively reached into the District to open and operate multiple restaurants and display Plaintiff's Protected Photographs.  It continues to reach into the District through its close relationship with Vapiano International and Vapiano Franchise, and through its interactive website that includes multiple images showing Plaintiff's Protected Photographs.

Likewise, the declaration of Vapiano SE's CEO, Mirko Silz (the "Silz Declaration"), is inadequate to defeat personal jurisdiction.  The Silz Declaration admits a number of key allegations in Plaintiff's complaint, but where it attempts to rebut Plaintiff's jurisdictional allegations, it is inaccurate.  For example:

- While the Silz Declaration states that Vapiano SE has "no employee" in the United States (Silz Decl. ¶ 2), Vapiano SE's President and founder, Kent Hahne, lives and works just outside of Washington, D.C. (Schaefer Decl. Ex. 1 at items 1-2, Exs. 2, 4, 17).

- The Silz Declaration states that the interactivity of Vapiano SE's website is "limited to the ability to send a request for additional information or other message to Vapiano SE," and that there is "no ability to conduct a business transaction with Vapiano SE" via its website.  (Silz Decl. ¶ 12.)  In fact, Vapiano SE's website is interactive, allows customers to sign up for a Vapiano newsletter, to place food and drink orders in the District, and solicits these orders and franchisees from within the District, all using Plaintiff's Protected Photographs.  (Schaefer Decl. Ex. 11.)

- The Silz Declaration alleges that "Vapiano SE earns no income from International LLC based on the operation of any restaurant in the District."  (Silz Decl. ¶¶ 8-9.)  However, according to its own description of its franchise fees on its website, Vapiano SE receives "monthly royalties" and "an advertising contribution payment of 1% of the net sales" from "[a]ll franchise[es]," including those in the United States.  (Schaefer Decl. Ex. 14.)

Moreover, to the extent the Silz Declaration raises any factual discrepancies, those discrepancies should be resolved in Plaintiff's favor.  *Arista Records Inc.*, 314 F. Supp. 2d at 31; *GTE New Media Services*, 21 F. Supp. 2d at 36.

### D.     In The Alternative, Plaintiff Should Be Allowed To Conduct Jurisdictional Discovery

If any doubts remain about whether there is personal jurisdiction over Vapiano SE, then Plaintiff should be permitted jurisdictional discovery on the question of personal jurisdiction. *See Edmond v. U.S. Postal Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991); *Crane v. Carr*, 814 F.2d 758, 760 (D.C.Cir. 1987) (remanding in part because defendant's "case was dismissed with no opportunity for discovery on the issue of personal jurisdiction").

If a party's jurisdictional allegations can be supplemented through discovery, then jurisdictional discovery is justified. *GTE New Media Services Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1351 (D.C. 2000); *Crane*, 814 F.2d at 760. "Discovery may also be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Twentieth Century Fox Int'l Corp. v. Scriba*, No. 08-56735, 2010 WL 2545790, at *1 (9th Cir. Jun. 22, 2010) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)). Numerous courts have endorsed the use of jurisdictional discovery to resolve jurisdictional disputes. *See, e.g.*, *Wiwa v. Shell Petroleum Dev. Co. of Nigeria Ltd.*, 335 Fed. Appx. 81, 85 (2d. Cir. 2009) (overturning district court's denial of jurisdictional discovery because plaintiff was denied access to relevant information about defendant's contact with the forum); *Steinbuch v. Cutler*, 518 F.3d 580, 588-89 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 223 (2008) (holding that plaintiff was entitled to jurisdictional discovery to determine whether defendant's contacts with forum were continuous and systematic enough to warrant general personal jurisdiction). Here, Plaintiff has presented a more than merely colorable argument that this Court has personal jurisdiction over Vapiano SE. However, if this Court were to determine that it lacks the evidence necessary to conclusively show whether it has

personal jurisdiction over Vapiano SE, the issue can be determined through jurisdictional discovery.

Information which could weigh in favor of personal jurisdiction, and which could easily be obtained through jurisdictional discovery includes:  the legal relationship between Vapiano SE, Vapiano International and Vapiano Franchise, the terms of any licensing, franchising or similar agreements between Vapiano SE and Vapiano International and Vapiano Franchise; where any agreements between Vapiano SE, Vapiano International and Vapiano Franchise were negotiated and executed;[2] and the parties involved in and the circumstances regarding the decision-making process that led to the unauthorized use of Plaintiff's Protected Photographs as a part of the décor of the first and subsequent Vapiano restaurants.

The conclusory and vaguely worded Silz Declaration also demonstrates information relevant to a personal jurisdiction inquiry that could be easily obtained through jurisdictional discovery.  For example, the Silz Declaration states that Vapiano SE licenses "certain intellectual property" to its American franchisee without providing any information about the nature, extent, or amount of intellectual property provided or the system through which this intellectual property is provided.  (Silz Decl. ¶ 4.)  Similarly, the declaration attempts to cast the blame for the infringement on an unnamed architect who had "done work for various operators of Vapiano restaurants," without providing even the most basic of information about this architect, let alone the information that would be more pertinent to the instant inquiry, such as how this architect

---

2.  Even assuming that Vapiano SE's claim that "none of the negotiations concerning th[e] license agreement" between Vapiano SE and Vapiano International occurred in the District is accurate (Def. Br. at 3), Vapiano SE makes no representation regarding where the agreement was executed.  Likewise, Vapiano SE provides no information regarding any other agreements between and among Defendants.

was selected and the extent of his relationship with Vapiano SE.  (*Id.* at ¶ 10.)  This information could establish whether Vapiano SE's ties with the District are sufficient to show that the company is "doing business" in the District.  *Gorman*, 293 F.3d at 509.

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

United States district courts have original jurisdiction of any and all civil actions arising under "any Act of Congress relating to patents, plant variety protection, copyrights and trademarks," pursuant to 28 U.S.C. § 1338(a), and "the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331.  "A complaint setting forth a substantial claim under a federal statute presents a case within the jurisdiction of the [federal] court." *Litecubes LLC v. N. Light Prod., Inc.*, 523 F.3d 1353, 1361 (Fed. Cir. 2008) (quoting *Binderup v. Pathe Exch. Inc.*, 263 U.S. 291, 305 (1923)).  Under the "well-pleaded complaint rule," subject matter jurisdiction exists if a "well-pleaded complaint" "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (citation omitted).

Vapiano SE asserts that Counts I and II should be dismissed for lack of subject matter "to the extent they are based on acts of infringement in foreign nations by Vapiano SE," and that Count III must be dismissed for lack of subject matter because it is "restricted to [Vapiano SE's] alleged infringement in foreign nations."[3]  (Def. Br. at 10.)  This Court has jurisdiction over the

---

3.  Vapiano SE does not challenge that this Court has subject matter jurisdiction over Plaintiff's claims related to domestic infringement under American copyright law, thus jurisdiction is conceded.

subject matter Plaintiff's claims in Counts I and II of the Amended Complaint pursuant to

28 U.S.C. §§ 1331 and 1338(a) because they arise under the Copyright Act, 17 U.S.C. § 501.

This Court has supplemental jurisdiction over Plaintiff's claims in Count III pursuant to

28 U.S.C. § 1367.  As a result, Vapiano SE's motion should be denied.

A.    **This Court Has Subject Matter Jurisdiction Over Counts I And II Of The Amended Complaint**

The Supreme Court has stated that subject matter jurisdiction is an independent

consideration, and a plaintiff's ability to succeed on the merits of a claim for relief does not

factor into that consideration.  *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction ... is not

defeated ... by the possibility that the averments might fail to state a cause of action on which

petitioners could actually recover.").  Federal courts have upheld this legal standard when

considering the extraterritorial reach of the Copyright Act, finding that "there is no indication

that Congress intended the extraterritorial limitations on the scope of the Copyright Act to limit

the subject matter jurisdiction of the federal courts."  *Litecubes*, 523 F.3d at 1368 ("[J]urisdiction

cannot be made to stand or fall upon the way the court may chance to decide an issue as to the

legal sufficiency of the facts alleged any more than upon the way it may decide as to the legal

sufficiency of the facts proven.  Its decision either way upon either question is predicated upon

the existence of jurisdiction, not upon the absence of it.") (citation omitted).

That being the case, this Court has jurisdiction over Counts I and II because they arise

under the Copyright Act, 17 U.S.C. § 501.  *Christianson*, 486 U.S. at 808.

First, Count I does not allege that defendants *merely* infringed Plaintiff's Protected

Photographs abroad.  Rather, Plaintiff has sufficiently alleged acts of infringement occurring in

the United States, through the unauthorized display of Plaintiff's Protected Photographs in

Vapiano restaurants throughout the United States and on the Vapiano Websites.  (Compl. ¶¶ 36-

38.)  Moreover, this Court has subject matter jurisdiction over Count I because Plaintiff alleges

that Vapiano SE has directly infringed her copyrights in the United States and those actions

permitted or initiated infringement outside the United States.  Acts of infringement in foreign

nations are actionable under the Copyright Act "where those acts are permitted or initiated by

predicate acts of infringement within the United States."  *Armstrong v. Virgin Records, Ltd.*,

91 F. Supp. 2d 628, 634 (S.D.N.Y. 2000).  For example, Vapiano SE solicits franchisees from

within the United States via its website by enticing them with pictures of its American Vapiano

locations, in which Plaintiff's Protected Photographs are clearly visible.  It also states on its

website that all of its Vapiano franchises have, and are required to conform to, a "uniform

layout" (Schaefer Decl. Exs. 2, 14), and cannot display any décor items other than those

specified and approved by Vapiano (*Id.* at Ex. 1 at item 8).

Second, even if Vapiano SE had infringed Plaintiff's Protected Photographs *only* outside

the United States, the law is unequivocal that a foreign defendant may be held liable under the

Copyright Act for its infringing acts committed outside the United States if defendant is alleged

to be either contributory or vicariously liable for another's direct act of infringement in the

United States.  *Armstrong*, 91 F. Supp. 2d at 636; *ITSI T.V. Prod. v. California Auth. of Racing

Fairs*, 785 F. Supp. 854, 864 (E.D. Cal. 1992), *rev'd in part on other grounds*, 3 F.3d 1289

(9th Cir. 1993).  It is not necessary to her claim of subject matter jurisdiction that Plaintiff show

that Vapiano SE has actually committed the acts for which it may be vicariously or contributorily

liable here in the District, lest this "confound the questions of subject matter and personal

jurisdiction."  *Armstrong*, 91 F. Supp. 2d at 636.

To satisfactorily plead the requirements for contributory infringement, Plaintiff need only

allege that Vapiano SE knew that it was infringing Plaintiff's copyright when it induced, caused

or materially contributed to the infringing conduct of another.  *Id.*  Plaintiff has so far alleged in Count II of the Complaint that Vapiano SE "requires[s] and direct[s] that all licensees and franchisees of Vapiano Restaurants prominently display copies of Plaintiff's Protected Photographs as a central part of those restaurants' décor."  (Compl. ¶ 48.)  Since the facts necessary to show Vapiano SE knew that it was infringing Plaintiff's copyright would largely be in the Vapiano SE's (and the other Defendants') possession, Plaintiff should be entitled to jurisdictional discovery on this issue should the Court not otherwise find subject matter jurisdiction over all of Plaintiff's claims.  *Armstrong*, 91 F. Supp. 2d at 636.

### B.   This Court Has Subject Matter Jurisdiction Over Count III Of The Amended Complaint

This Court has subject matter jurisdiction over Count III of the Amended Complaint under 28 U.S.C. § 1367.  Courts in numerous jurisdictions have confirmed a district court's power to hear such claims.  *See, e.g.*, *Creative Tech., Ltd. v. Aztech System Pte., Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995); *London Film Prods. Ltd. v. Intercontinental Comm'ns Inc.*, 580 F. Supp. 47, 49 (S.D.N.Y. 1984); *New Name, Inc. v. Walt Disney Co.*, No. CV 07-5034, 2007 WL 5061697, at *5 (C.D. Cal. Dec. 3, 2007); *see also Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481, 491-92 (refusing to dismiss a claim based on copyright laws of numerous foreign nations).

In *London Film*, the court explained that American courts have jurisdiction to hear copyright cases based on the laws of foreign nations because "copyright infringement constitutes a transitory cause of action, and hence may be adjudicated in the courts of a sovereign other than the one in which the cause of action arose."  *London Film*, 580 F. Supp. at 49; *Frink Am., Inc. v. Champion Rd. Mach., Ltd.*, 961 F. Supp. 398, 404 (N.D.N.Y. 1997); *Armstrong*, 91 F. Supp. 2d at 637-38 (recognizing subject matter jurisdiction when plaintiff had a valid course of action

under foreign copyright law and personal jurisdiction could be established).  Contrary to Vapiano

SE's assertions, this line of jurisprudence is not confined solely to the courts of New York; the

Courts of Appeals for the Ninth and the Second Circuits have adopted this reasoning as well.

*See, e.g.*, *Creative Tech.*, 61 F.3d at 702 (holding that "[t]his Court has recognized the potential

of American courts to entertain actions under the copyright laws of other nations"); *New Name*,

2007 WL 5061697, at *5 (refusing to dismiss a claim based on foreign copyright law); *see also*

*Boosey*, 145 F.3d at 491-92 (refusing to dismiss a claim based on copyright laws of numerous

foreign nations).  The *London Film* reasoning is particularly on point here, where Vapiano SE's

copyright infringement has circled the globe and exists in the ethereal world of the Internet.

Vapiano has grossly overstated any disagreement there is among "[c]ourts and

commentators [about] whether a federal court has subject matter jurisdiction over claims for

copyright infringement in foreign countries under foreign law."  (Def. Br. at 10.)  While there

may be some academic discussion on this subject, there is little to no judicial debate on this

issue.  Plaintiff has cited the only two cases that support its proposition.  *Music Sales Ltd. v.*

*Charles Dumont & Son, Inc.*, Civ. No. 09-1443, 2009 U.S. Dist. Lexis 97534 (D.N.J. Oct. 19,

2009); *ITSI T.V. Prods. v. California Auth. of Racing Fairs*, 785 F. Supp. 854 (E.D. Cal. 1992).

Both cases turned primarily on the ability of the court to apply American copyright to the claims

at issue.  *Music Sales*, 2009 U.S. Dist. Lexis 97534, at *17; *ITSI T.V. Prods.*, 785 F. Supp. at

864-66.  The discussion of foreign copyright law in both cases is extremely limited, with no

compelling analysis.  Both courts merely assert that they cannot apply foreign copyright law

without meaningful citations to authority or thoughtful analysis.

Vapiano SE's claim that this Court should decline supplemental jurisdiction on

"exceptional circumstances," and "compelling reason" grounds are also unavailing as Vapiano

SE is unable to provide any such grounds.  Vapiano SE instead tries to portray this matter as a quagmire of complicated facts and indecipherable foreign laws.  (Def. Br. at 12.)  In fact, this case is quite simple.  Vapiano SE usurped Plaintiff's Protected Photographs, used them as a central element in the unique image it created for its restaurants and displayed those Protected Photographs (or caused them to be displayed) around the world.  Vapiano SE's infringing actions all originate from a single pattern and practice of requiring the same "uniform layout" and "unmistakable image" in all of the Vapiano restaurants around the globe (Schaefer Decl. Exs. 2, 14), regardless of whether their legal relationship with a particular restaurant is through "full ownership[,] partial ownership[,] or simple franchise arrangement" (Def. Br. at 12).

There is no indication, and Vapiano SE has made no showing, that the application of the laws of the countries where Vapiano SE has infringed upon Plaintiff's copyrights would be unreasonably difficult.  Indeed, courts have repeatedly cautioned that the need to apply foreign law is not itself a reason to decline jurisdiction, *see Manu Int'l v. Avon Prods.*, 641 F.2d 62, 67 (2d Cir. 1981); *London Film*, 580 F. Supp. at 50, and asserted jurisdiction over cases with significantly more complicated facts and involving the laws of more countries, *Boosey*, 145 F.3d at 492 (refusing to dismiss case even where court would be required to apply the law of eighteen different countries); *see In re: Assicurazioni Generali S.P.A. Holocaust Ins. Litig.*, 228 F. Supp. 2d 348, 359 (S.D.N.Y. 2002) (refusing to grant motion to dismiss in case involving twelve different actions when claims arose from actions taken in eight countries).

Finally, contrary to Vapiano SE's assertion, public policy is served by litigating Plaintiff's claims in this Court.  Litigating Plaintiff's claims, which all stem from same facts surrounding Vapiano SE's actions, in a single forum would significantly reduce litigation costs and simplify discovery.  *See Mfr. Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 165

(S.D.N.Y. 1992) (quoting *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir.), *cert. denied*, 393 U.S. 977 (1968), and collecting cases); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259 (1981) ("It would be far more convenient, however, to resolve all claims in one trial."); *In re Air Crash Off Long Island*, 65 F. Supp. 2d 207, 217 (S.D.N.Y. 1999) (denying dismissal to avoid losing the advantage of "resolving all disputes … in a single forum").  Requiring Plaintiff to proceed against Vapiano SE in sixteen different tribunals, bringing sixteen highly duplicative cases, certainly weighs negatively against the most basic notions of judicial efficiency.

## III.    THIS COURT IS THE PROPER FORUM FOR THIS MATTER

This Court is the proper forum for hearing Plaintiff's infringement claims.  There is a strong judicial presumption in favor of a plaintiff's chosen forum.  *Piper Aircraft*, 454 U.S. at 255-56.  Even when the chosen forum is not plaintiff's home forum, defendant still bears a "heavy burden" in overcoming the presumption in favor of a foreign plaintiff's chosen forum by demonstrating that the balance of private and public factors favors the alternative forum.  *Slight by and Through Slight*, 979 F. Supp. at 442 (defendant failed to demonstrate that factors weighed in favor of dismissal despite reduced weight accorded plaintiffs' chosen forum).  Dismissal on the ground of *forum non conveniens* may be granted where "trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience," and "an alternative forum has jurisdiction to hear [the] case."  *Sinochem Int'l Co. Ltd., v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007).

The party moving for *forum non conveniens* dismissal has the burden of establishing each element of a *forum non conveniens* claim.  Vapiano SE has the burden of proving, at a minimum: "(1) the existence of an adequate alternative forum; and (2) that the balance of relevant private and public interest factors favor dismissal."  *Creative Tech.*, 61 F.3d at 699; *Boosey*, 145 F.3d at 492 (endorsing a similar two step approach).  Vapiano SE's motion to dismiss fails to meet this

heavy burden.  First, Vapiano SE has failed to demonstrate the existence of an adequate

alternative forum.  Second, even looking past this glaring deficiency, Vapiano SE fails to

demonstrate that the balance of the appropriate private and public interest factors warrant

dismissal in favor of an as-yet-unnamed alternative forum.[4]

> **A.    Vapiano SE Has Failed To Establish The Existence Of An Adequate
> Alternative Forum**

In order to succeed on a motion to dismiss for *forum non conveniens*, a defendant must

show that an alternative forum is available and that this alternative forum is adequate.  *Piper*

*Aircraft*, 454 U.S. at 254.  In a clumsy attempt to shift its burden to Plaintiff, Vapiano SE cites to

*Pain v. United Technologies Corp.*, 637 F.2d 775, 784 (D.C. Cir. 1980).  Vapiano SE's reliance

on *Pain* is misplaced.  *Pain* reiterated the well-established rule that "[d]efendants bear a heavy

burden of establishing that Plaintiffs' choice of forum is inappropriate."  *Id.*  As numerous

District courts have recognized since *Pain*, the obligation to demonstrate the existence of an

adequate alternative forum lies exclusively with defendant.  *See, e.g., Stromberg v. Marriott*

*Int'l, Inc.*, 474 F. Supp. 2d 57, 60-61 (D.D.C. 2007) ("defendant has the burden on all aspects of

a motion to dismiss on *forum non conveniens* grounds, including the obligation to establish as a

prerequisite that an adequate alternative forum exists"); *KPMG Fin. Advisory Services Ltd. v.*

*Diligence LLC*, No. 05-CV-2204, 2006 WL 335768, at *1 (D.D.C. Feb. 14, 2006) (same); *see*

*also Cont'l Transfer Technique Ltd. v. Fed. Gov't of Nigeria*, 697 F. Supp. 2d 46, 57

(D.D.C. 2010) (holding that defendant must show that the alternative forum can, at least, grant

---

4.   While the Court may decide a *forum non conveniens* motion prior to reaching a decision on
jurisdictional issues, *Sinochem Int'l Co. Ltd.*, 549 U.S. at 428-29, if this Court determines
that jurisdictional discovery is warranted, Plaintiff would urge the Court to hold its decision
on this issue until after jurisdictional discovery can be completed as the evidence gathered
through this process may reflect on the convenience of Plaintiff's selected forum.

the same relief as an American court).  In particular, a defendant must identify an alternate forum that can hear the "entire" case.  *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211-12 (5th Cir. 2010) ("an alternative forum is available when the entire case and all parties can come within the jurisdiction of that forum"); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002); *Alpine View Co. Ltd. v. Atlas Copco*, 205 F.3d 208, 221 (5th Cir. 2000) (same).  Vapiano SE has failed at every level to satisfy its burden.  Though Vapiano SE did not identify it, such a forum does exist – this Court.

Vapiano SE has failed to show that an alternative forum is *available*.  For an alternative forum to be available, defendant must be subject to or consent to jurisdiction in the alternative forum.  *Piper Aircraft*, 454 U.S. at 255 n.22; *In re: Assicurazioni*, 228 F. Supp. 2d at 355; *Boosey*, 145 F.3d at 481, 492 (overturning a district court's decision to dismiss a case for *forum non conveniens* when defendant had offered no evidence of its ability or willingness to be subject to jurisdiction in alternative fora).  Vapiano SE has neither provided evidence that it is subject to personal jurisdiction in the fifteen additional countries it identifies, nor has it consented to the jurisdiction of those fora.  For this reason alone, Vapiano SE's *forum non conveniens* argument fails.  *London Film*, 580 F. Supp. at 50 ("[A]n available forum is necessary to validate dismissal of an action on the ground of *forum non conveniens*.").

Vapiano SE also has failed to satisfy its burden of establishing the *adequacy* of an alternative forum.  While Vapiano SE cites to a "set of decisions from U.S. courts holding that the court systems of the other nations involved are adequate alternative forums for civil claims" (Def. Br. at 14), Vapiano SE does not plead with any specificity that these alternate fora are an adequate alternative to this Court *for this litigation*.  Merely pleading that these courts may have, at one time, under other circumstances, been deemed adequate for unspecified "civil claims,"

does not meet Defendant's burden of proving the adequacy of the proposed alternative fora.  *See, e.g.*, *Carl Schroeter GmbH & KO., KG. v. Crawford & Co.*, No. 09-946, 2009 WL 1408100, at *7 (E.D. Pa. May 19, 2009) (rejecting defendant's argument regarding the adequacy of an alternative forum when defendant failed to show that the alternate forum would actually exercise jurisdiction over the matter); *see also Kontoulas v. A.H. Robbins Co.*, 745 F.2d 312, 315-16 (4th. Cir. 1984) (affirming district court's denial of motion to dismiss for *forum non conveniens* when plaintiffs had been harmed in two countries and sixteen states because defendant failed to show with specificity that another forum was more appropriate or could better handle the case).

Vapiano SE had the burden to demonstrate, for example, that Plaintiff could receive an adequate remedy in the fifteen separate jurisdictions in which Vapiano SE suggests Plaintiff should be forced to pursue her foreign infringement claims.  *Cont'l. Transfer Technique*, 697 F. Supp. 2d at 57 (finding that *forum non conveniens* claim must fail where defendant had not established the existence of an adequate alternative forum when "the Nigerian forum favored by the defendants [could not] grant the same relief that a United States court [could]"); *see also Osseiran v. Int'l. Fin. Corp.*, 498 F. Supp. 2d 139, 148-49 (D.D.C. 2007) (foreign jurisdiction was not adequate where remedy of specific performance was not available).  Vapiano SE also had the burden to demonstrate that it would be possible for Plaintiff to file a suit for copyright infringement in these fifteen alternate fora.  *See*, *e.g.*, *Piper Aircraft*, 454 U.S. at 255 ("dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute"); *Osseiran*, 498 F. Supp. 2d at 148-49 (finding that even though Guernsey had jurisdiction over claims and was convenient for all parties, it was not an adequate alternative because Guernsey law did not recognize certain laws of equity, thus foreclosing certain of plaintiff's claims).  Vapiano SE also had the burden to demonstrate that Plaintiff's claim would

be treated fairly in these alternate fora.  *See Piper Aircraft*, 454 U.S. at 255.  Vapiano SE failed

to demonstrate any of the required preconditions of adequacy.

> **B.      Vapiano SE Has Failed To Establish That The Balance Of Relevant Private
>          And Public Interest Factors Favor Dismissal**

If Vapiano SE's failure to adequately present an adequate alternative forum could be

forgiven, the next step would be to balance the private and public interest factors.  In balancing

these factors, there is, again, a strong presumption in favor of Plaintiff's choice of forum and

"[w]here the balance does not tip strongly in favor of an alternative forum it is well-established

that the plaintiff's choice of forum should not be disturbed."  *London Film*, 580 F. Supp. at 50.

Should the Court reach this analysis, Vapiano SE's *forum non conveniens* argument again fails

because Vapiano SE has failed to establish that the private and public interest factors weigh

sufficiently in their favor to warrant dismissal of Plaintiff's foreign infringement claims in favor

of any of the other fifteen separate jurisdictions Vapiano SE has identified.  In fact, courts have

recognized the advantages and convenience of litigating cases in a single forum.  *See Mfr.*

*Hanover Trust*, 798 F. Supp. at 165 (quoting *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619

(2d Cir.), *cert. denied*, 393 U.S. 977 (1968), and collecting cases); *Piper Aircraft*, 454 U.S. at

259 ("It would be far more convenient, however, to resolve all claims in one trial."); *In re Air*

*Crash Off Long Island*, 65 F. Supp. 2d at 217 (denying dismissal to avoid losing the advantage of

"resolving all disputes … in a single forum").

> **1.      The Private Interest Factors Do Not Weigh In Favor Of Dismissal**

Dismissal is appropriate on *forum non conveniens* grounds only where "trial in the

plaintiff's chosen forum imposes a heavy burden on the defendant or the court."  *Piper Aircraft*,

454 U.S. at 255-56.  "[D]efendants must provide enough information to enable the District Court

to balance the parties' interests."  *Id.* at 258.

Vapiano SE has failed to identify any private interest factors that favor dismissing Plaintiff's foreign infringement claims. Vapiano SE has also failed to supply "affidavits describing the evidentiary problems they would face if the trial were held in the United States." *Piper Aircraft*, 454 U.S. at 259. Instead, Vapiano SE states, without explanation or support, that "the private factors — rooted without exception thousands of miles away — all militate strongly for dismissal." (Def. Br. at 15.) Such a conclusory statement is insufficient to meet Vapiano SE's "heavy burden." In fact, the private interest factors are at worst neutral, and more likely militate in favor of this Court retaining jurisdiction.

*The convenience of the parties does not weigh in favor of dismissal*. Vapiano SE cannot credibly claim that it would be inconvenienced by litigating Plaintiff's foreign infringement claims in this Court, since Vapiano SE does not argue that this Court is an inconvenient forum for Plaintiff's domestic claims. Any perceived inconvenience of litigating this matter in this Court is inconsequential when balanced against the immense burden every party to this matter would face if Vapiano SE's suggestion that Rundquist file suit in fifteen additional countries were adopted.

Even if Vapiano SE could demonstrate that it would be inconvenienced by litigating Plaintiff's foreign infringement claims in this Court, its motion should be denied because requiring Plaintiff to litigate its foreign infringement claims in fifteen additional countries would, at best, shift a relatively minor alleged inconvenience from Vapiano SE and impose a potentially insurmountable burden on Plaintiff. *Kroll v. Lieberman*, 244 F. Supp. 2d 100, 103 (E.D.N.Y. 2003) (if a motion to dismiss for *forum non conveniens* would merely shift the inconvenience from one party to the other, then the plaintiff's choice of forum should not be disturbed).

Plaintiff is an individual of limited means faced with the daunting task of attempting to protect her interests against a corporate group that is embarked on a scheme to misappropriate her intellectual property in over 70 locations worldwide.  (Schaefer Decl. Ex. 2; Compl. ¶¶ 18, 26.)  Despite her repeated requests for Defendants to "cease copying and displaying Plaintiff's Protected Photographs" (Compl. ¶ 31), Vapiano SE, and the other Defendants, continue to unlawfully display Plaintiff's Protected Photographs in Vapiano restaurants and on their website without paying Plaintiff anything (*Id.* ¶ 29).  Plaintiff brought suit in this Court because it provides a single venue in which she can prosecute all of her claims against Defendants, minimize her costs, and resolve and end Defendants' unlawful behavior.  There is no evidence that Plaintiff chose this forum to inconvenience Vapiano SE, and Vapiano SE has claimed no such intent.  *See, e.g.*, *Boosey*, 145 F.3d at 492 (upholding a plaintiff's choice of forum when it was clear that "[t]this is not a circumstance where the plaintiff's choice of forum is motivated by harassment").  Forcing Plaintiff to litigate in sixteen different jurisdictions would "increase the costs to both sides and impose such a great inconvenience on plaintiff[] that it" would put in doubt her ability to prosecute her claims.  *In re: Assicurazioni*, 228 F. Supp. 2d at 359; *see also Boosey*, 145 F.3d at 492 ("it seems rather more likely that [defendant's] motion seeks to split the suit into 18 parts in 18 nations, complicate the suit, delay it, and render it more expensive"); *Massaquoi v. Virgin Atl. Airways*, 945 F. Supp. 58, 63 (S.D.N.Y. 1996) (denying *forum non conveniens* motion because plaintiff would be burdened by need to hire foreign counsel to refile claims).  Vapiano SE should not be permitted to frustrate an efficient resolution of the matter.

*The convenience and availability of witnesses does not favor dismissal.*  Vapiano SE has not disclosed, and, prior to discovery, Plaintiff cannot determine, the location, materiality and importance of all of the witnesses relevant to Vapiano SE's infringing actions.  Without such

information, Vapiano SE cannot demonstrate that the convenience or availability weighs in favor of dismissing this matter in favor of an alternative forum.  *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) (reversing the district court's dismissal in part because the *forum non conveniens* did not include "the materiality and importance of the anticipated witnesses' testimony"); *Ito v. Tokio Marine & Fire Ins. Co., Ltd.*, 166 Fed. Appx. 932, 935 (9th Cir. 2006) (reversing dismissal for *forum non conveniens* where only the volume of witnesses, and not the nature of their testimony, was considered).  However, analysis of the available information demonstrates that the availability of and convenience to witnesses of litigating in this Court balances in Plaintiff's favor.

At least three key witnesses essential to proof of Vapiano SE's infringing actions are located or, at the very least, work extensively in the Washington, D.C. area.  Gregor Gerlach, Kent Hahne, and Klaus Rader were all original founders of Vapiano AG, and are now, respectively, Chief Financial Officer, President and Executive Vice President and Secretary of Vapiano International, located across the Potomac from the District of Columbia.  (Schaefer Decl. Ex. 1 at item 1.)  Kent Hahne lives in the Washington, D.C. area (*Id.* at Ex. 17), and Gregor Gerlach and Klaus Rader travel to the same area for Vapiano business (*Id.* at Ex. 10).  As three of the original founders of Vapiano SE, these three witnesses should be able to testify about the facts surrounding Vapiano SE's use of Plaintiff's Protected Photographs.  Far from being inconvenienced by litigating Plaintiff's foreign infringement claims in this Court, these three essential witnesses would in fact be inconvenienced by the dismissal of the foreign infringement claims in favor of the fifteen foreign jurisdictions Vapiano SE suggests.  Should additional witnesses from Vapiano SE be necessary to prove liability, travelling only to a single trial in this

Court would be more convenient than travelling to fifteen additional countries for fifteen additional different trials.

   *The relative ease of access to sources of proof does not weigh in favor of dismissal.* Given the circumstances of this case, Vapiano SE has not claimed that it would be prohibitively expensive or inconvenient to produce evidence relevant to Plaintiff's foreign infringement claims in the United States, possibly because such a claim would not be credible.

   First, even if Vapiano SE's motion to dismiss Plaintiff's foreign infringement claims were granted, Plaintiff's domestic infringement claims would remain in this Court and Vapiano SE would be subject to discovery in this Court regarding those claims.  Although Plaintiff's foreign infringement claims involve allegations of infringement in multiple locations in other countries, the vast majority of evidence regarding Vapiano SE's foreign infringement will also be relevant to its domestic infringement and will therefore already be subject to discovery in this Court.  Because the nature of infringement is the same at virtually all of Vapiano's locations, there will likely be little need for significant amounts of individualized evidence from each Vapiano location.  Thus, while discovery would likely involve production of documents and electronic evidence from multiple locations, it would hardly be unmanageable.

   Second, much of the evidence needed to substantiate Plaintiff's foreign infringement claims may already be available in the United States.  Two of Vapiano SE's subsidiaries — Vapiano Franchise and Vapiano International — are located in the District metropolitan area. (Compl. ¶ 2.)  Three of Vapiano SE's key executives are also currently executives at these two local companies.  (Schaefer Decl. Ex. 1 at items 1-2, Ex. 4.)  One of those executives and Vapiano SE's President, Kent Hahne, lives in the D.C. area (*Id.* at Ex. 17), and the other two executives travel to the Washington, D.C. area on Vapiano business (*Id.* at Ex. 10).  Given these

significant ties to the District of Columbia area, it is likely that at least some, and possibly a

significant amount, of Vapiano SE's corporate documents are accessible locally.

Third, as courts have recognized and Vapiano SE does not dispute, even if the majority of

documentary evidence were located abroad, with the technology and other delivery and

communication services available today, the location of documents and other sources of proof is

generally a neutral factor.  *See Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 466

F. Supp. 2d 6, 28 (D.D.C. 2006) ("in light of modern technology, the location of documents is

not [ ] significant"); *Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) ("today's era

of photocopying, fax machines and Federal Express" makes this factor neutral).  "[I]t is not

uncommon in international litigation for documents and witnesses to be located abroad … [T]he

advances of modern technology and the development of a global economy with instant access to

information world wide severely undercut defendants' claim of *forum non conveniens*."

*In re: Assicurazioni*, 228 F. Supp. 2d at 361.

*The possibility of inspecting the premises does not weigh in favor of dismissal*.  As

mentioned above, the nature of the infringement is identical in virtually all of Vapiano's

locations, which are all comparable in layout and décor.  Should this Court be so inclined, the

Vapiano restaurants located in the District, which, as described above, are representative of

virtually all of the Vapiano restaurants across the globe, could be readily inspected.

Vapiano SE has identified no private interest factors that militate in favor of dismissing

Plaintiff's foreign infringement claims and a review of the available evidence demonstrates that

these factors are at worst neutral.  Vapiano SE's motion to dismiss for *forum non conveniens*

should therefore be denied.

## 2.   The Public Interest Factors Do Not Weigh In Favor Of Dismissal

Vapiano SE has failed to demonstrate that the public interest factors weigh in favor of dismissal.  Vapiano SE's primary argument in favor of its motion to dismiss for *forum non conveniens* revolves around the need to apply foreign law, yet the mere necessity of applying foreign law is not, in and of itself, a reason to grant a motion for *forum non conveniens*. *Manu Int'l*, 641 F.2d at 67; *London Film*, 580 F. Supp. at 50.  Plaintiff does not argue that this will be a simple case to try in the United States, but Vapiano SE's implication that this case could be more conveniently tried by splitting the case into 16 different litigations in 16 different countries is completely disingenuous.

This case is inescapably international and the necessity of applying foreign law, at trial or during discovery or both, is inevitable regardless of where this case is ultimately tried.  Basic notions of judicial efficiency weigh in favor of denying Vapiano SE's motion, especially where it seems clear that the purpose of the motion is more of an attempt to delay Plaintiff's rightful recovery and increase Plaintiff's costs rather than a genuine effort to find the appropriate forum for this action.  *See In re: Assicurazioni*, 228 F. Supp. 2d at 359-60 (refusing to grant motion for dismissal under *forum non conveniens* when claims arose from actions taken in eight countries because the need to tap international sources of evidence was unavoidable regardless of the forum); *Jacobs v. Felix Block Erben Verlag Fur Buhne Film Und Funk KG*, 160 F. Supp. 2d 722, 744-45 (S.D.N.Y. 2001) (holding that the need to apply both German and American law effectively balanced the public and private factors, and therefore did not disturb the plaintiff's choice of forum); *Kontoulas*, 745 F.2d at 315-16  (affirming district court's denial of motion to dismiss for *forum non conveniens* when plaintiffs had been harmed in two countries and sixteen states because defendant failed to show that another forum was more appropriate or could better handle the case).

As a result, judicial efficiency favors the denial of Vapiano SE's motion.  "'There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.'"  *Mfr. Hanover Trust*, 798 F. Supp. at 165 (quoting *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir.), *cert. denied*, 393 U.S. 977 (1968), and collecting cases); *Piper Aircraft*, 454 U.S. at 259 ("It would be far more convenient, however, to resolve all claims in one trial.").

## CONCLUSION

For the foregoing reasons, Defendant Vapiano SE's motion should be denied.

Dated:  October 4, 2010                                    Respectfully submitted,


Of Counsel:                                                  /s/ Scott H. Christensen
                                                            Scott H. Christensen, D.C. Bar No. 476439
Christopher M. Paparella, D.C. Bar No. NY0091   HUGHES HUBBARD & REED LLP
Natasha N. Reed                                  1775 I Street, N.W., Suite 600
HUGHES HUBBARD & REED LLP                        Washington, D.C. 20006-2401
One Battery Park Plaza                           Telephone:  (202) 721-4600
New York, New York 10004                         Facsimile:  (202) 721-4646
Telephone:  (212) 837-6000                       Email:  christen@hugheshubbard.com
Facsimile:  (212) 422-4726
Email:  paparell@hugheshubbard.com               *Attorneys for Plaintiff Ewa-Marie Rundquist*
Email:  reed@hugheshubbard.com