UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EWA-MARIE RUNDQUIST,

                 Plaintiff,

-v-

VAPIANO SE, f/k/a VAPIANO AG,
VAPIANO INTERNATIONAL, LLC, and
VAPIANO FRANCHISE USA, LLC,
f/k/a VAPIANO FRANCHISING LLC,

                 Defendants.

Case No. 1:09-cv-02207 (BAH)

Hon. Beryl A. Howell

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF WITNESSES
FOR DEPOSITIONS AND TO EXTEND JURISDICTIONAL DISCOVERY**

Plaintiff respectfully submits this memorandum in support of her motion to compel Defendants to produce Kent Hahne, Gregor Gerlach, Klaus Rader, Claus Sauer, Matteo Thun, and Martin Luible for depositions in the District of Columbia so that Plaintiff may obtain the jurisdictional discovery permitted by the Court's July 20, 2011 Memorandum Order. *Rundquist v. Vapiano SE*, ___ F. Supp. 2d ___, No. 09–2207 (BAH), 2011 WL 2881333, at *1 (D.D.C. July 20, 2011) (Docket Entry 28). Plaintiff brings this motion because Defendants have refused to produce Messrs. Hahne, Rader, Sauer, Luible or Thun and Vapiano SE is willing to produce Mr. Gerlach only in Germany. The evidence cited in the Court's August 20, 2011 Memorandum Order, 2011 WL 2881333, at *23-*25, and public statements by Defendants and the deponents show that they have knowledge of Defendant Vapiano SE's jurisdictional contacts with the District of Columbia and play key roles in Defendants' operations within the District.

Defendants' refusal to produce these deponents is meritless and has already consumed significant time.  Plaintiff therefore also requests an extension of 60 days her jurisdictional discovery.

## BACKGROUND

The Court's July 20, 2011 Memorandum Order granted Plaintiff jurisdictional discovery to allow her to establish that the Court may properly exercise personal jurisdiction over Defendant Vapiano SE.  *See Rundquist v. Vapiano SE*, ___ F. Supp. 2d ___, No. 09–2207 (BAH), 2011 WL 2881333, at *46 (D.D.C. July 20, 2011).  The Court held that Plaintiff could seek evidence relating to, among other things: (1) the relationship between Vapiano SE and the other Vapiano defendants, including the fact that Gregor Gerlach, Kent Hahne, Klaus Rader, Martin Luible, Matteo Thun, and others appeared to have dual roles in Vapiano SE and the other Vapiano defendants; and (2) Plaintiff's allegations that the Vapiano restaurants around the world have a consistent design and theme that appears to include the plaintiff's Protected Photographs as a central décor element.  *Id.* at *23-*25.  The Court held that "this evidence could establish whether Vapiano SE's ties with the District are sufficient to show that the company is 'doing business' in the District."  *Id*. at *23 (citing to *Diamond Chemical Co. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 7 (D.D.C. 2003).)

On July 22, 2011, Plaintiff duly noticed the deposition of Mr. Hahne and on August 1, 2011, Plaintiff duly noticed the depositions of Messrs. Gerlach, Rader, Luible, and Thun, all of whom are identified by Defendants and identify themselves as being involved in both the foreign and domestic Vapiano companies.[1]  (Declaration of Daniel Lloyd ("Lloyd Decl.") (filed herewith) Ex. 1.; *see also* 2011 WL 2881333, at *24-*25 (analyzing similar exhibits presented

---

1. Plaintiff also served requests for the production of documents and interrogatories on Defendants on July 22 and 25, 2011.

by Plaintiff in opposition to Vapiano SE's motion to dismiss))  Also on August 1, 2011, Plaintiffs noticed the depositions of Claus Sauer, who is a Vapiano SE manager in charge of training Vapiano Franchise's franchisees, and Bill Bessette, who is Chief Executive Officer of both Vapiano International and Vapiano Franchise.  (*Id*.)  Because of an objection to the form of Plaintiff's notices, Plaintiff re-served the deposition notices on August 2, 2011 in the interest of avoiding unnecessary disputes and not delaying the proceedings.  (*Id*. Exs. 2-3.)

Defendants have responded to Plaintiff's notices with an obstructive course of conduct.  (*See* Lloyd Decl. Exs. 2, 5-13.)  Plaintiff has made a good faith effort to lay out the basis for her deposition notices, but has been rebuffed with assertions at odds with the evidence.

Below we summarize Plaintiff's support for her motion to compel the production of these witnesses and Defendants' objections.  Plaintiff contends that the evidence cited below and the evidence cited in the Court's July 20, 2011 Memorandum Opinion, *see* 2011 WL 2881333, at *24-*25, support allowing Plaintiff to depose these witnesses to determine the facts affecting personal jurisdiction over Vapiano SE.  Plaintiff requests that, after examining the disparity between Defense counsel's representations and the attached evidence, the Court grant Plaintiff's motion to compel as an efficient ways to resolve the questions regarding the roles played by the deponents and the propriety of the Court's jurisdiction over Vapiano SE.

### **Kent Hahne**

Counsel for all three Defendants refuse to produce Mr. Hahne, asserting that Defendants do not have any relationship with him.  (Lloyd Decl. Exs. 5-13.)

Contrary to Defense counsels' assertions, the evidence shows that Mr. Hahne is one of Defendants' founders and is involved with the Defendants as an officer, director and key consultant.  Vapiano International identifies Mr. Hahne, along with Mr. Gerlach, as its President

on the "Executive Bios" page of its website, which features both a picture of Mr. Hahne and a quote attributed to him. (*Id*. Ex. 14.) In its franchise disclosure document, Vapiano Franchise USA states that Mr. Hahne has been its President and Chairman of the Board since June 2007 and identifies him as the contact person for potential franchisees. (*Id*. Ex. 15 at 1, 4.) This same document – which Defendants have a legal obligation to ensure is accurate, *see* 16 C.F.R. § 436.9 – also states that Mr. Hahne has held similar positions with Vapiano International since June 2005. (Lloyd Decl. Ex. 15 at 4.) Correspondence from Vapiano SE's counsel makes clear that Mr. Hahne concurrently held positions with all of the Defendants. (*Id*. Exs. 5, 7 (indicating that Mr. Hahne maintained an ownership interest in Vapiano SE until, at least, March 2011).) Mr. Hahne states that his current occupations include "Owner and Founder" of "Vapiano Worldwide" and "President and Owner" of "Vapiano International" in his public profiles on LinkedIn.com. (*Id*. Ex. 16.) Mr. Hahne is also the founder and chief executive officer a restaurant management consulting company named Apeiron. (*Id*. Ex. 17.) Apeiron's website describes Mr. Hahne's roles with Defendants and advertises its relationship with Vapiano by displaying Vapiano's logo on its homepage and providing a direct link to Vapiano SE's website. (*Id*.) Defendants concede that Mr. Hahne, through Apeiron, "hold[s] a Vapiano SE Germany franchise." (*Id*. Ex. 8 at 2 n.2.)

Plaintiff submits that this evidence makes clear that Mr. Hahne plays some role in the Defendants sufficient that the Court should permit Plaintiff to take his deposition in the District of Columbia.

### Gregor Gerlach

Counsel for Defendants Vapiano Franchise USA and Vapiano International concedes that Mr. Gerlach holds a position in their operations but refuses to produce him. (*Id*. Ex. 8 at 2.)

Counsel asserts that Mr. Gerlach only recently joined Vapiano International and Vapiano Franchise USA and gained any knowledge relevant to the instant case while working for Defendant Vapiano SE.  (*Id*.)  Counsel for Defendant Vapiano SE refuses to produce Mr. Gerlach anywhere but Hamburg, Germany.  (*Id*. Ex. 12.)

Contrary to Defense counsels' assertions, the evidence shows that Mr. Gerlach is a founder, shareholder, officer and director of all three Defendants and that this is not a recent development.  (*Id*. Ex. 15 at 4.)  Together with his even longer relationship with Vapiano SE, Mr. Gerlach has worked for Vapiano International for at least six years and for Vapiano Franchise USA for at least four years.  (*Id*.)  Defendant Vapiano International identifies him as one of the company's Presidents and Founders on its website.  (*Id*. Ex. 18.)  Defendant Vapiano Franchise USA states in its franchise disclosure document (which Vapiano International features on its website) that he has been its Vice President and Director since June 2007 and has held similar positions with Vapiano International since June 2005.  (*Id*. Ex. 15 at 4.)  Defendant Vapiano SE's counsel concedes that Mr. Gerlach concurrently holds "positions" in Vapiano SE (but would not specify which positions.)  (*Id*. Ex. 12.)

Plaintiff submits that this evidence makes clear that Mr. Gerlach plays some role in the Defendants sufficient that the Court should permit Plaintiff to take his deposition in the District of Columbia.

**Klaus Rader**

Counsel for all three Defendants refuse to produce Mr. Rader.  Counsel for Vapiano International and Vapiano Franchise USA asserts that Mr. Rader has never held any position in either of their companies.  (*Id*. Ex. 8 at 2.)

Mr. Rader is another of Defendants' founders.  (*Id*. Ex. 19.)  Contrary to Defense counsels' assertions, Vapiano Franchise USA holds Mr. Rader out in its offering document as being one of its Vice Presidents and Directors since June 2007 and one of Vapiano International's officers and directors since June 2005.  (*Id*. Ex. 15 at 4.)  A previous iteration of Vapiano International's website also identified Mr. Rader as Executive Vice President and Secretary.  (*Id*. Ex. 19.)  Correspondence from Vapiano SE's counsel makes clear that Mr. Rader concurrently held positions with all of the Defendants.  (*Id*. Ex. 7.) (article cited in counsel's email makes clear that both Mr. Hahne and Mr. Rader owned stock in Vapiano SE until, at least, March 2011).

Plaintiff submits that this evidence makes clear that Defendants have an obligation to produce Rader for a deposition in the District of Columbia.

**Martin Luible**

Counsel for all three Defendants refuse to produce Mr. Luible.  Counsel for Vapiano SE asserts incorrectly that Mr. Luible's deposition notice is not directed to it, and, insofar as it is, Mr. Luible is no longer affiliated with Vapiano SE.  (*Id*. Ex. 12.)  Counsel for Vapiano International and Vapiano Franchise USA asserts that while Mr. Luible was once one of their officers, he has not had any position or association with them in "quite some time."  (*Id*. Ex. 8 at 2.)

The evidence contradicts Defense counsels' assertions.  Mr. Luible currently identifies himself as Vapiano International's Chief Operating Officer on his LinkedIn.com profile.  (*Id*. Ex. 20.)  Press reports from March 2010 identify Mr. Luible as one of the owners, along with unnamed German partners, of the Vapiano restaurant in Fort Myers, Florida.  (*Id*. Ex. 21.)  In an August 13, 2009 interview with the *Gulf Coast Business Review*, Mr. Luible stated that he had

previously been the Chief Operating Officer of Vapiano SE and that he moved to the District of Columbia area in 2007 to start Vapiano's U.S. expansion.  (*Id*. Ex. 22.)  In this same interview, Mr. Luible stated he was developing a number of Vapiano restaurants in Florida.  (*Id*.)

Plaintiff submits that this evidence makes clear that Defendants have an obligation to produce Mr. Luible for a deposition in the District of Columbia.

### Matteo Thun

Counsel for all three Defendants refuse to produce Mr. Thun asserting that he has never held any position with them and that he operates entirely independent of Defendants.  (*Id*. Ex. 8 at 3; Ex. 12.)

Contrary to Defense counsels' assertions, Vapiano International identifies Mr. Thun as one of its "Executives" on its website, including Thun's picture and biographical information on the "Executive Bios" section of the company's webstie.  (*Id*. Ex. 18.)  Vapiano International describes Thun as "the brainchild behind Vapiano's unmistakable image."  (*Id*.)  Mr. Thun asserts on his website that he has designed all of the Vapiano restaurants around the world for Vapiano AG, now operating as Vapiano SE.  (*Id*. Ex. 23.)  Mr. Thun asserts that he is the designer of over 30 Vapiano locations "open worldwide throughout Europe, with new expansion underway in Hungary, Poland, Sweden, Dubai-United Arab Emirates, Saudi Arabia, England, and *the United States*."  (*Id*. (emphasis added).)

Plaintiff submits that this evidence makes clear that Defendants have an obligation to produce Mr. Thun for a deposition in the District of Columbia.

**Claus Sauer**

Counsel for all three Defendants refuse to produce Mr. Sauer. Counsel for Vapiano SE admits that Mr. Sauer is one of its employees but claims that he has never had anything to do with the Vapiano restaurants in the United States. (*Id*. Ex. 12.)

The evidence contradicts Defense counsels' assertions. Vapiano Franchise USA's franchise disclosure document, which is featured on Vapiano International's website, states that

> We will conduct this training at Our corporate headquarters and a Restaurant operated either by Us or by Our Affiliate [Vapiano SE] in Washington, D.C. . . . . We maintain a formal training staff who will be conducting the opening training described below. Claus Sauer will oversee training. We may also draw on the substantial experience of other Restaurant personnel of Our affiliates in conducting Restaurant operations training.

(*Id*. Ex. 15 at 14.) Vapiano SE's website contains an announcement dated December 2010 stating that Sauer was named the "Vapianist" of the year and had been given the title of "Head of Franchise International." (*Id*. Ex. 24.)

Plaintiff submits that this evidence makes clear that Defendants have an obligation to produce Mr. Sauer for a deposition in the District of Columbia.

**ARGUMENT**

A corporate defendant must, pursuant to a valid deposition notice, produce its "officers, managing agents, and directors." *Nuskey v. Lambright*, 251 F.R.D. 3, 12 n.6 (D.D.C. 2008) (citing 8A Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2103 (2d ed. 2008).) A "managing agent" is an individual that possesses general powers to exercise judgment and discretion in corporate matters, who can be relied on to give testimony at his employer's request in response to the demand of the examining party, and who can be expected to identify with the interests of the corporation. 7 James Wm. Moore, *Moore's Federal Practice* § 30.03 (3d ed. 2011); *Founding Church of Scientology of Washington, DC, Inc. v. Webster,* 802 F.2d

1448, 1455–57 (D.C. Cir. 1986.) In order to prevent companies from frustrating the purpose of the rule by manipulating their corporate structure, there is not a strict definition of who constitutes a managing agent. 7 James Wm. Moore, *Moore's Federal Practice* § 30.03 (3d ed. 2011); *Founding Church of Scientology,* 802 F.2d at 1455–57; *see also E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010.) Any doubts regarding whether an employee is a managing agent must be resolved in favor of the examining party. 7 James Wm. Moore, *Moore's Federal Practice* § 30.03 (3d ed. 2011); *Founding Church of Scientology,* 802 F.2d at 1455–57; *see also E.I. DuPont*, 268 F.R.D. at 49.

A corporation can also be compelled to produce former employees who maintain some type of continuing involvement with their former employer. 7 James Wm. Moore, *Moore's Federal Practice* § 30.21 (3d ed. 2011); *United States v. Afram Lines*, 159 F.R.D. 408, 415 (S.D.N.Y. 1994) (a party may generally compel the deposition of former managing agents who maintain ongoing status akin to managing agent); *see also Boston Diagnostics Dev. Corp., Inc. v. Kollsman Mfg. Co.*, 123 F.R.D. 415, 416 (D. Mass. 1988) (compelling testimony of a former employee when employee continued to act in a capacity equivalent to managing agent of defendant corporation.)

Each of the witnesses sought by Plaintiff is either currently an officer, director, or managing agent of one or more of the defendants, or, at a minimum, a former officer, director or managing agent who maintains a continuing involvement with one or more of Defendants. Defendants and the witnesses themselves advertise their relationship on websites, in interviews, and in public filings. Defendants and Kent Hahne, for example, should not be permitted to describe Mr. Hahne as their President and then claim that he has no involvement with them when his deposition is requested. Similarly, Defendants should not be allowed to describe Matteo

Thun as one of their "Executives" on their website and then claim that he is an independent contractor over whom they have no control. Furthermore, Defendants should not be allowed to admit that Gregor Gerlach is an executive of two U.S.-based companies headquartered in McLean, Virginia, but insist that he can only be deposed in Germany. Defendants' objections to the other depositions sought suffer from similar defects.

     Moreover, Plaintiff should be permitted to take these depositions in the District of Columbia. Each witness sought clearly has a significant relationship with Defendants' operations within the District of Columbia. Even if Mr. Gerlach and the other potential deponents were executives only of Vapiano SE (clearly they are also involved with the other Defendants), factors such as Vapiano's numerous operations in the District of Columbia and the excessive delay and expense that would be caused by forcing all counsel involved in the current case to travel to Germany for a deposition, weigh heavily in favor of taking these depositions in the United States. The Court has broad discretion in determining the most appropriate location for a deposition, and should consider the aforementioned factors when determining whether Germany or the United States is the most appropriate location for the depositions. *Fin. Gen. Bankshares, Inc. v. Lance,* 80 F.R.D. 22, 23 (D.D.C. 1978) (holding that the location of depositions of defendants "ultimately is within the discretion of the Court, and instances of defendants having to appear for depositions at the place of trial are not unusual"); 7 James Wm. Moore, *Moore's Federal Practice* § 30.20 (3d ed. 2011) ("Courts retain substantial discretion to designate the site of a deposition"); 8A Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2112 (2d ed. 2008) ("On a motion the court has a wide discretion in selecting the place of examination," and "[t]he particular facts of each case will determine the selection of a place for examination".)

Because Plaintiff has already faced significant resistance to her requests for jurisdictional discovery (Lloyd Decl. Exs. 5-13), Plaintiff requests an additional 60 days of jurisdictional discovery. No party will be unduly burdened by extending the period of jurisdictional discovery an additional 60 days, but Plaintiff will be unduly burdened if she is not permitted an opportunity to conduct the jurisdictional discovery that has been permitted by the Court as a result of resistance from Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court compel the appearance of Kent Hahne, Gregor Gerlach, Klaus Rader, Martin Luible, Matteo Thun, and Claus Sauer for depositions in the District of Columbia and extend the deadline for jurisdictional discovery by 60 days.

Dated: August 9, 2011

Of Counsel:

Christopher M. Paparella, D.C. Bar No. NY0091
Natasha N. Reed
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: paparell@hugheshubbard.com
Email: reed@hugheshubbard.com

Respectfully submitted,

  /s/ Scott H. Christensen
Scott H. Christensen, D.C. Bar No. 476439
Daniel T. Lloyd, D.C. Bar No. 995718
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
Email: christen@hugheshubbard.com
Email: lloydd@hugheshubbard.com

*Attorneys for Plaintiff Ewa-Marie Rundquist*