## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

------------------------------------------------

EWA-MARIE RUNDQUIST,  )
                                           )
       Plaintiff,  )
                                           )  Case No: 1:09-cv-02207 (BAH)
     v.  )
                                         )  Hon. Beryl A. Howell
VAPIANO SE f/k/a VAPIANO AG,  )
VAPIANO INTERNATIONAL LLC, and  )
VAPIANO FRANCHISE USA, LLC f/k/a  )
VAPIANO FRANCHISING LLC,  )
                                           )
       Defendants.  )

------------------------------------------------

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF WITNESSES AND TO EXTEND JURISDICTIONAL DISCOVERY

Defendant Vapiano SE opposes Plaintiff's motion on the straightforward grounds that (1) case law is clear that jurisdictional depositions should take place at the witness's place of business, so Mr. Gerlach should be deposed in Germany; (2) Mr. Sauer has never had anything to do with the Vapiano restaurants in the District of Columbia; (3) Plaintiff has not noticed a deposition of Vapiano SE by any other witness; and (4) in any event, none of Messrs. Hahne, Luible, Rader or Thun is an officer, director or managing agent of Vapiano SE.

## Argument

Plaintiff, whose counsel has accused Defendants of "gamesmanship", is the party who has failed to abide by well established rules.

It has long been established that the deposition of a corporation may be taken only by an officer, director or managing agent. A party seeking to take the deposition of a corporation has two choices. The first choice is to notice the deposition of the corporation by a *particular* officer, director, or managing agent pursuant to Rule 30(b)(1), F.R. Civ. P. At such a deposition, the testimony is of the corporation and if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose. Rule 32(a)(2), F.R. Civ. P. The second choice is to notice the deposition of the corporation without specifically naming the person to be deposed but listing in the notice a description " . . . . with reasonable particularity [of] the matters on which examination is requested." Rule 30(b)(6), F.R. Civ. P. In that event, the corporation is required to " . . . . designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which he will testify." *Id.* The testimony of the person or persons so designated is the testimony of the corporation and, if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose. Rule 32(a)(2), F.R. Civ. P.

What is not permissible is to notice the deposition of a corporation by a particular person who is *not* an officer, director or managing agent.

*GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68-69 (D. Mass. 1987)(emphasis in original);

*accord, United States v. One Parcel of Real Estate*, 121 F.R.D. 439, 440 (S.D. Fla. 1988).

Thus, in order for a party to invoke the right to depose another party organization upon simple notice pursuant to Fed. R. Civ. P. 30 (b)(1) and to exercise the option of naming a specific witness: (a) the notice must be to the party, that is, the organization; (b) giving notice that the testimony of the party is to be given by or through a particular witness or that the witness is expected to testify on behalf of the party; and (c) the witness must be an officer, director or managing agent. *See, e.g., Cadent Lt. v. 3M Unitek Corp.*, 232 F.R.D. 625, 627-28 (C.D. Cal. 2005)(30(b)(1) notice must be "of a corporation through a particular officer, director or managing agent"); *In re Air Crash at Taipei*, Case No. MDL 1394-GAF(RCx), 2001 U.S. Dist. LEXIS 19981 (C.D. Cal. Nov 21, 2001)(same); *In re Honda American Motor Co. Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 540 (D. Md. 1996)(since only a party may be

compelled to give deposition testimony upon notice, notice to a corporate party must be to it whether under 30(b)(1) or 30(b)(6)); *Operative Plasterers' & Cement Masons Int'l Assoc. v. Benjamin*, 144 F.R.D. 87, 90 (N.D. Ind. 1992)(30(b)(1) notice must indicate that the person named would be expected to testify on behalf of the party organization); *Contardo v. Merrill Lynch, Pierce, Fenner and Smith*, 119 F.R.D. 622, 623 (D. Mass. 1988)(under 30(b)(1) may only notice deposition of defendant corporation by a person if she is an officer, director or managing agent); J. Stempel, 7 Moore's Federal Practice – Civil § 30.25[1] (2011)("A party may still name a particular person to testify on behalf of the organization by noticing the deposition under Rule 30(b)(1) – provided that the deponent is an officer, director or managing agent (*see* § 30.03[2]) – and by indicating that the person named will be expected to testify on behalf of the organization.").

If the notice simply names a person without giving an indication that the testimony is on behalf of the organization, then the deposition is only of that person as an individual and not as an officer, director or managing agent. *Mike v. Dymon, Inc.*, Civ. Action No. 95-2405-EEO, 1996 U.S. Dist. LEXIS 18603, *9 (D. Kan. Nov. 6, 1996). In addition,

> [i]f a person does not qualify as an officer, director, or managing agent, he must be treated as a nonparty witness. If he is within the United States, the party seeking his testimony must subpoena him pursuant to Federal Rule of Civil Procedure 45. If he is outside the United States, the party seeking his testimony must comply with the requirements of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the Hague Convention), 23 U.S.T. 2555. *Id.* at 238.

*Faro Techs. v. Romer, Inc.*, Case No. 6P06-cv-13-ORl-19KRS, 2007 U.S. Dist. LEXIS 9792, *9 (M.D. Fla. Feb. 12, 2007).

In this case, Plaintiff first served on all three defendant parties deposition notices of seven individuals giving no indication that any of the notices were to any of the parties or that any of the witnesses was expected to give testimony on behalf of any, much less which, of the defendant parties. (Lloyd Declaration Ex. 1.) Next, after receiving an objection to this patently defective procedure (*id.* Ex. 2) and protesting that the objection was unsupported by the rules or case law (apparently unfamiliar with the law and commentary just cited; *id.* Ex. 3), Plaintiff served another seven notices of deposition, addressing one to Vapiano SE, four to Vapiano International LLC, one to Vapiano Franchise USA LLC, and one to both Vapiano SE and Vapiano International LLC, but then took the position that all three of the Defendants are obliged to respond to any of and all seven of the notices! (*Id.* Exs. 4 & 10.) While gamesmanship may be in the eye of the beholder, this certainly seems to qualify.[1]

Taking the notices one by one:

Gregor Gerlach

Mr. Gerlach is the chairman of the *Vorstand* (managing board) of Vapiano SE, the closest equivalent to the board of directors, and its CEO. (Gerlach Declaration ¶ 1.) Vapiano SE has indicated that it will make him available at his principal place of business, which is Hamburg in Germany. There is a legal presumption that a deposition

---

[1] Indeed, Plaintiff's decision not to pursue jurisdictional discovery via notices to each of the three defendants pursuant to Fed. R. Civ. P. 30(b)(6) – a preferred method to pursue a single topic for discovery, *see Bandag, Inc. v. Michelin Retread Technologies, Inc.*, 202 F.R.D. 597 (S.D. Iowa 2001) -- suggests that her counsel have a wider agenda that they are pursuing with the seven notices designating specific individuals.

will take place at the deponent's place of residence or, if of a corporation, at the principal place of business, a presumption that is at its strongest when the party to be deposed has challenged personal jurisdiction, and a party seeking to overcome this presumption must show "exceptional or unusual" or "peculiar" circumstances. *United States v. Halliburton Co.*, 270 F.R.D. 26, 29 (D.D.C. 2010); *Rapoca Energy Co. v. AMCI Export Corp.*, 199 F.R.D. 191, 193 (W.D. Va. 2001); *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993); *Gulf Union Ins. Co. v. M/V Lacerta*, 91 Civ. 2814 (PKL), 1992 U.S. Dist. LEXIS 2759, *11-14 (S.D.N.Y. 1992).

Plaintiff claims as factors supporting a deposition in this district the presence of Vapiano restaurants, expense and delay. The restaurants, however, as the Court has already found, are franchises and not operations of Vapiano SE. *See also Gulf Union Ins. Co. v. M/VC Lacerta*, 1992 U.S. Dist. LEXIS 2759 at *14 (rejecting claim that allegations of transacting business in the district supported holding deposition there of foreign party challenging jurisdiction). And expense and delay are always a factor when deposing a foreign party challenging personal jurisdiction, but the courts are consistent in requiring that the deposition take place where the foreign party is located as long as there is no foreign procedural hurdle. *See United States v. Halliburton Co.*, 270 F.R.D. at 29 ("Plaintiff fails to cite a single case ordering the deposition of a foreign corporation to take place in the United States when the foreign corporation was contesting jurisdiction and consented to a deposition abroad in accordance with the Federal Rules."); *Gulf Union Ins. Co. v. M/V Lacerta*, 1992 U.S. Dist. LEXIS 2759 at *13-14. Mr. Gerlach's deposition should take place in Hamburg.

<u>Claus Sauer</u>

Mr. Sauer is Vapiano SE's Head of Franchising – Western Europe; he has no responsibilities with respect to restaurants in the United States. (Gerlach Declaration ¶ 1.) While a franchise related document on the website of Vapiano International makes a reference to his supervising training, that in fact did not happen.  (*Id.*) He has no knowledge relevant to the contacts of Vapiano SE and he thus does not qualify as a managing agent for jurisdictional discovery.  If he were to be deposed, for the same reasons already discussed, his deposition should take place in Germany.

<u>Kent Hahne</u>

As already noted, Plaintiff's motion to compel Vapiano SE to produce Mr. Hahne must be denied first and foremost since Plaintiff has not noticed his deposition by, through or on behalf of Vapiano SE.

Beyond this, Plaintiff's argument as to Vapiano SE rests on his status as a former shareholder and a link on the website of his current company to the website of Vapiano SE.  Plaintiff does not dispute what the public record shows, namely, that Mr. Hahne sold all his shares in Vapiano SE in March 2011. (Hauser Declaration Ex. 1.)

Whether a person qualifies as managing agent is determined as of the time of the deposition.  *E.I du Pont de Nemours and Co. v. Kolon Indus.*, 268 F.R.D. 45, 49 (E.D. Va. 2010); *Surles v. Air France*, 00 Civ. 5004 (RMB)(FM), 2004 U.S. Dist. LEXIS 3710, *6 (S.D.N.Y. Feb. 23, 2004); *In re Honda Am. Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 540 (D. Md. 1996); *United States v. Afram Lines (USA), Ltd.*,

159 F.R.D. 408, 414 (S.D.N.Y. 1994). Mr. Hahne is not currently an employee, officer, director or shareholder of Vapiano SE and plays no role in its management. (Gerlach Declaration ¶¶ 2-3.)

While under rare circumstances, a former officer, director or managing agent no longer formally associated with the organization can still be a managing agent, in this Circuit the showing required is that he still so dominates the organization that he and it are the equivalent of *alter egos. See Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1451-53 (D.C. Cir. 1986). At the very least, there must be a showing that he still functions as a managing agent of the corporation. *Afram*, 159 F.R.D. at 414; *Equal Employment Opportunity Commission v. Honda of America*, Case No. 2:06-cv-0233, 2007 U.S. Dist. LEXIS 14496, *8-10 (S.D. Ohio Feb. 28, 2007).

Plaintiff suggests that having been a managing agent at the time of the transactions relevant to the lawsuit plus some continuing role in the corporation should be enough, relying on *Boston Diagnostics Dev. Corp. v. Kollsman Mfg. Co.*, 123 F.R.D. 415 (D. Mass. 1988). Plaintiff's argument is unavailing for three reasons. First, the *Kollsman* decision is of questionable validity since it defies the plain wording of Fed. R. Civ. P. 32(a)(2)("at the time of taking the deposition"). Second, it has been criticized at length on both this ground and on its piercing of the corporate veil without an analysis appropriate to that issue. *See Reed Paper Co. v. the Proctor & Gamble Distributing Co.*, 144 F.R.D. 2, 4-5 nn. 2 & 3 (D. Maine 1992). Third, the witness at issue in *Kollsman* was an actual employee of an affiliate, 123 F.R.D. at 415, a considerably closer relationship than simply a former shareholder with a website link as is Mr. Hahne. In

short, Plaintiff has certainly made no showing that he is currently a managing agent and has also made no showing that his current attenuated relationship – which has included starting a new restaurant chain in competition with Vapiano SE (Hauser Decl. Ex. 1) – has him so closely involved and identified with Vapiano SE that it should be put to the burden of having to produce him or face sanctions.

<u>Klaus Rader</u>

As already noted, Plaintiff's motion to compel Vapiano SE to produce Mr. Rader must be denied since Plaintiff has not noticed his deposition by, through or on behalf of Vapiano SE.

Plaintiff's argument as to Vapiano SE and Mr. Rader rests on nothing more than his status as a former shareholder.  (As with Mr. Hahne, Plaintiff does not dispute what the public record shows, namely, that Mr. Rader also sold all his shares in Vapiano SE in March 2011.)  Plaintiff has not even tried to argue that Mr. Rader has any continuing role with Vapiano SE, much less one that rises to managing agent.  He has none. (Gerlach Declaration ¶ 4.)  There is no basis on which to compel Vapiano SE to produce Mr. Rader.

<u>Martin Luible</u>

Once again, Plaintiff's motion to compel Vapiano SE to produce Mr. Luible must be denied since Plaintiff has not noticed his deposition by, through or on behalf of Vapiano SE.

Plaintiff's argument as to Vapiano SE and Mr. Luible rests on his status as a former employee. The article on which Plaintiff relies, Lloyd Decl. Ex. 22, states that Mr. Luible left Vapiano SE in 2007, four years ago (and two years before this suit was filed). And, as with Mr. Rader, Plaintiff has not even tried to argue that Mr. Luible has since had any continuing role with Vapiano SE, much less one that amounts to a managing agent. He has none. (Gerlach Declaration ¶ 5.) There is no basis on which to compel Vapiano SE to produce Mr. Luible. *See Nuskey v. Lambright*, 251 F.R.D. 3, 12 (D.D.C. 2008)(former employee subject to deposition only if subpoenaed).

Matteo Thun

As with the three others just discussed *supra*, Plaintiff has not noticed the deposition of Vapiano SE by Mr. Thun, so the motion to compel must be denied.

Mr. Thun is an Italian architect. His relationship with Vapiano SE is that of an independent, outside professional. (Gerlach Declaration ¶ 6.) His website claims no more of a relationship with Vapiano SE than that of architect-client. The motion to compel Vapiano SE to produce him for a jurisdictional deposition should be denied. *See United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413-15 (S.D.N.Y. 1994)(independent contractors are not managing agents).

Extension of Time

Plaintiff's time concerns are entirely of her counsel's own making. Their improper deposition notices should not be rewarded. The request for additional time

should be denied, or extended no longer than is necessary to schedule the depositions of Messrs. Bessette and Gerlach.

Conclusion

For all the foregoing reasons, Plaintiff's motion to compel as against Vapiano SE should be denied, and Vapiano SE should be awarded its expenses incurred in opposing this matter pursuant to Fed. R. Civ. P. 37 (a) (5)(B).

Dated:  August 26, 2011

Gregory F. Hauser, D.C Bar No. NY0118
WUERSCH & GERING LLP
100 Wall Street, 21st Floor
New York, NY  10017
Telephone:  212-509-4717
Telecopy:  212-509-9559
E-mail:  gregory.hauser@wg-law.com

*Attorney for Defendant Vapiano SE*