UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EWA-MARIE RUNDQUIST,<br><br>                    Plaintiff,<br><br>         v.<br><br>VAPIANO SE, *et al.*,<br><br>                    Defendants. | Civil Action No. 09-2207 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Before the Court is plaintiff Ewa-Marie Rundquist's motion to compel the appearance of six people for depositions in the District of Columbia, and to extend the period for jurisdictional discovery for sixty days. The six noticed deponents are: Kent Hahne, Klaus Rader, Matteo Thun, Martin Luible, Claus Sauer, and Gregor Gerlach. The plaintiff contends that these individuals are officers, directors, or managing agents of defendants Vapiano SE, Vapiano International, and Vapiano Franchise USA. For the reasons set forth below, the plaintiff's motion is denied in part and granted in part. Vapiano SE is directed to produce Claus Sauer for deposition, and Vapiano International and Vapiano USA are directed to produce Gregor Gerlach for deposition in the District of Columbia. The plaintiff's request to compel depositions of Messrs. Hahne, Rader, Thun and Luible, however, is denied because these individuals are no longer employed by the defendants. In addition, the plaintiff is granted an additional sixty days to conduct jurisdictional discovery.

I.       BACKGROUND

On November 20, 2009, the plaintiff filed a Complaint alleging that defendants Vapiano SE; Vapiano International, LLC (hereinafter "Vapiano International"); and Vapiano Franchise USA, LLC (hereinafter "Vapiano USA") were infringing the plaintiff's copyrights by displaying her photographs without permission as a "central décor element" in the defendants' upscale Italian restaurant chain named Vapiano.[1]  Am. Compl. ¶¶ 1, 24, 25.  Defendant Vapiano SE moved to dismiss the allegations against it, arguing, *inter alia,* that the Court lacked jurisdiction over the German company.  Def.'s Mot. to Dismiss, ECF No. 17, at 1.  In a Memorandum Opinion and Order, dated July 20, 2011, ECF Nos. 28-29, the Court denied Vapiano SE's motion to dismiss without prejudice, and granted the plaintiff sixty days to conduct discovery regarding Vapiano SE's contacts with this district.  The parties were to complete jurisdictional discovery by September 18, 2011.  Order dated July 20, 2011, ECF No. 29 (Howell, J.).

On August 10, 2011, the plaintiff filed a motion to compel the depositions of Kent Hahne, Klaus Rader, Matteo Thun, Martin Luible, Claus Sauer, and Gregor Gerlach in the District of Columbia.  ECF No. 33.[2]  The plaintiff contends that these six individuals "have knowledge of Defendant Vapiano SE's jurisdictional contacts with the District of Columbia and play key roles in Defendants' operations within the District."  Mem. Supp. Pl.'s Mot. Compel, ECF No. 33, at 1.  Defendant Vapiano SE filed an opposition to the plaintiff's motion on August 26, 2011, ECF No. 35, and defendants Vapiano International and Vapiano USA filed a joint brief in opposition to the plaintiff's motion on August 29, 2011.  ECF No. 36.  The plaintiff filed her

---

[1] The plaintiff filed an Amended Complaint on April 22, 2010. ECF No. 11.

[2] The plaintiff filed the instant motion to compel without complying with paragraph 9 of the Court's Standing Order, ECF No. 30, which states that "[i]f the parties are unable to resolve [a discovery] dispute, they shall contact chambers to arrange for a telephone conference with the court.  Before filing a motion relating to a discovery dispute, a party must obtain leave of the court."  The parties are expected to comply with Court orders and future noncompliance will warrant appropriate sanctions.

reply brief on September 8, 2011, ECF No. 39, and, in response, the defendants requested a status conference in order to "correct several inaccurate statements" made by plaintiff in her final brief. ECF No. 40.

On September 16, 2011, the Court held an extended status conference during which, in addition to contesting the plaintiff's factual representations regarding the proposed deponents, counsel for defendants Vapiano Franchise and Vapiano USA acknowledged that his clients used the plaintiff's photographs without authorization. Transcript of September 16, 2011 Status Conference, *Rundquist v. Vapiano*, No. 09-cv-2207. Despite this concession, the parties continue to absorb the Court's resources, and that of their clients, over discovery disputes, when the gravamen of the plaintiff's complaint regarding infringement of her copyrighted photographs appears to be conceded.

The only issue presently before the Court, however, is the plaintiff's pending motion to compel. As explained below, the Court denies the plaintiff's request to compel the depositions of Messrs. Hahne, Rader, Thun, and Luible because they are not officers, directors, or managing agents of the defendant corporations. Defendant Vapiano SE is directed, however, to produce Mr. Sauer for deposition because he is a managing agent of that corporation. The Court additionally grants the plaintiff's motion to compel the deposition in the District of Columbia of Mr. Gerlach, who is the current CEO of Vapiano SE and President of Vapiano International.

## II.   DISCUSSION

Federal Rules of Civil Procedure 30(b)(6) allows adverse parties to obtain depositions from private and public corporations through their officers, directors or managing agents. Pursuant to Federal Rule of Civil Procedure 32(a)(3), "an adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director,

managing agent." Courts have liberally construed the term managing agent, and the determination of whether an individual can be considered a "managing agent" of an organization is fact intensive, decided largely on a case-by-case basis. *Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1452 (D.C. Cir. 1986) ("The law concerning who may properly be designated as a managing agent is sketchy. Largely because of the vast variety of factual circumstances to which the concept must be applied, the standard, like so many others in the law, remains a functional one to be determined largely on a case-by-case basis."). The D.C. Circuit has noted that "[f]or the purpose of determining whether an individual is a 'managing agent' within the meaning of the discovery rules, . . . the focus begins with the character of the individual's control." *Id.* at 1452-53. Other factors include "both the degree to which the interests of the individual and the corporation converge, and how helpful the individual will be in fact-finding on the matter at issue, in comparison to others associated with the corporation." *Id.* at 1453; *see also E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48-49 (E.D. Va. 2010) (stating that relevant factors in considering an individual's managing agent status include "(1) the discretionary authority vested in the person by the corporation; (2) the employee's dependability in following the employer's directions; (3) whether the individual is more likely to identify with the corporation or the adverse party in the litigation; and (4) the degree of supervisory authority in areas pertinent to the litigation.").

As a general rule, former employees cannot be "managing agents" of an organization and the organization cannot be compelled to produce them for deposition. *Simms v. Center for Correctional Health and Policy Studies*, 272 F.R.D. 36, 41 (D.D.C. 2011) ("[G]enerally, a party cannot notice a deposition of a former director or employee under Rule 30(b)(6). If plaintiff wishes to compel specific witnesses to testify, therefore, she must subpoena them pursuant to

Federal Rules of Civil Procedure 30(a)(1) and 45." (internal citations omitted)); *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 541 (D. Md. 1996). The determination of a deponent's status as a "managing agent" is "determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *Kolon Indus., Inc.*, 268 F.R.D. at 49 (quoting *In re Honda*, 168 F.R.D. at 540). However, courts have made exceptions to this general rule, for example when a corporation terminates an officer in light of pending litigation, plans to rehire the individual in another position, or an individual continues to act as a managing agent despite no longer being an employee. *See In re Honda,* 168 F.R.D. at 541; *Kolon Indus., Inc.*, 268 F.R.D. at 50-51 (stating that "[t]he timing and circumstances of [defendant's] reassignment or termination of its employees render the true status of the proposed deponents highly suspect, and allow for a strong inference that [the defendant] is moving its employees around like chessmen, conveniently shielding them from [] access."); *Boston Diagnostics Dev. Corp., Inc. v. Kollsman Mfg. Co., Div. of Sequa Corp.*, 123 F.R.D. 415, 417 (D. Mass. 1988) (compelling testimony of a former employee when employee continued to act in a capacity equivalent to managing agent of defendant corporation).

### A. Proposed Corporate Deponents

The plaintiff has moved to compel depositions of six individuals in the District of Columbia. The defendants state that Messrs. Hahne, Rader, Thun, and Luible are not proper deponents because these individuals are no longer, or never were, "officers, directors, or managing agents" of any of the defendants. Vapiano SE Mem. P. & A. Opp'n Mot. Compel, ECF 35 ("Vapiano SE Opp'n"); Vapiano Int'l and Vapiano USA Opp'n Mot. Compel, ECF 36 ("Vapiano USA Opp'n"). Vapiano SE has also refused to produce Mr. Sauer because it asserts that while he is an employee, he has no relevant knowledge of the matters for which the plaintiff seeks his deposition. Vapiano SE Opp'n, ECF 35, at 6. Defendant Vapiano SE has agreed to

produce Mr. Gerlach for deposition, but states that it will only make Mr. Gerlach available for deposition in Germany. *Id.* at 4. The Court addresses the propriety of each proposed deponent *seriatim*.

### 1. Kent Hahne

The plaintiff asserts that the defendants should be compelled to produce Kent Hahne for deposition because "the evidence shows that Mr. Hahne is one of Defendants' founders and is involved with the Defendants as an officer, director and key consultant." Mem. Supp. Pl.'s Mot. Compel, ECF No. 33 (hereinafter "Pl.'s Mot. Compel"), at 3. The evidence the plaintiff cites in support of this assertion is, *inter alia*, a caption on Vapiano International's "Executive Bios" webpage referencing Mr. Hahne as the "President and Owner;" franchise disclosure documents from Vapiano USA identifying Mr. Hahne as a contact person; Mr. Hahne's independent consulting firm's website which references his experience with Vapiano SE; and Mr. Hahne's LinkedIn.com profile where he identifies himself as "Owner and Founder of Vapiano Worldwide." *Id.* at 4.

In response, the defendants provide sworn declarations from the Chief Executive Officers of both Vapiano SE and Vapiano USA attesting that Mr. Hahne was the former President of Vapiano USA and Vapiano International, but resigned his position in March 2011 and divested all of his interest in the corporation in June 2011. *See* Vapiano USA Opp'n, ECF No. 36, at 3-4; Vapiano USA Opp'n, Ex. 2, William Bessette Decl. (hereinafter Bessette Decl.), ¶¶ 3-4; Vapiano SE Opp'n, ECF No. 35, Ex. 2, Gregor Gerlach Decl. (hereinafter Gerlach Decl.) ¶ 3. With regard to the plaintiff's referenced evidence, the defendants state that the franchise disclosure document that the plaintiff cites was issued on March 15, 2011, prior to Mr. Hahne's departure and is no longer accurate. Vapiano USA Opp'n, ECF No. 36, at 4. The reference to

Mr. Hahne on the Vapiano International website is also inaccurate and "simply an artifact from when Mr. Hahne *was* the company's president." *Id.* at 5 (emphasis in original).  Moreover, defendant Vapiano USA states that Mr. Hahne's biography as "president" of the company was removed from the website in October 2010, and the only inaccuracy is a "quote caption" on the website. *Id.*

The plaintiff describes as "strangely vague" the defendants' brief statement about Mr. Hahne's departure from the defendant corporations and pointed out that the defendants "have not submitted any minutes, resignation letters, or other documents supporting their assertions." Pl.'s Reply Mot. Compel, ECF No. 39, at 3.  Yet, the defendants have provided the Court with sworn declarations stating that Mr. Hahne is no longer an employee. *See* Bessette Decl. ¶¶ 3-4; Gerlach Decl. ¶ 3.  Contrary to the plaintiff's assertion that "the evidence demonstrates that [Mr.] Hahne . . . continue[s] to be involved in Defendants' management," Pl.'s Reply Mot. Compel, ECF No. 39, at 4, the sworn evidence presented to the Court is that Mr. Hahne no longer has supervisory powers at Vapiano SE, Vapiano International or Vapiano USA, nor has the plaintiff demonstrated that Mr. Hahne's departure from the defendant corporations was in anyway illusory or intended to prevent him from being deposed in this matter. *See In re Honda*, 168 F.R.D. at 541.  While Mr. Hahne now apparently manages a "restaurant and retail management group called Aperion," which "may be a franchisee of defendant Vapiano SE," Vapiano USA Opp'n, ECF No. 36, at 6, a franchisee is not a "managing agent" of a corporation and does not have the ability to speak on the corporation's behalf.

The "general rule is that former employees cannot be managing agents of a corporation" within the meaning of FED. R. CIV. P. 30(b)(6) and a corporation cannot be compelled to produce a former employee for a deposition. *See In re Honda*, 168 F.R.D. at 541.  The Court therefore

denies the plaintiff's motion to compel the defendants to produce Mr. Hahne for a deposition. This, of course, does not preclude the plaintiff from seeking deposition testimony from Mr. Hahne through other means, including pursuant to FED. R. CIV. P. 45, or from seeking other discovery from each of the defendants about Mr. Hahne's activities that may be relevant to the claims in the Complaint, as well as to Vapiano SE's jurisdictional ties to this district.

### 2. Klaus Rader

The plaintiff next asserts that the Court should compel the defendants to produce Klaus Rader for deposition because he "is another of Defendants' founders." Pl.'s Mot. Compel, ECF No. 33, at 6. Specifically, the plaintiff contends that "Vapiano Franchise USA holds Mr. Rader out in its offering document as being one of its Vice Presidents and Directors since June 2007 and one of Vapiano International's officers and directors since June 2005." *Id.* Additionally, "[a] previous iteration of Vapiano International's website also identified Mr. Rader as Executive Vice President and Secretary." *Id.*

The defendants' sworn declarations, however, assert that Mr. Rader has no continuing role with the defendants, "sold all of his shares in Vapiano SE in March 2011," Vapiano SE Opp'n, ECF No. 35, at 8, and "at present is not an officer, director, or managing agent of [the defendants]." Vapiano USA Opp'n, ECF No. 36, at 7; *see also* Bessette Decl. at 3; Gerlach Decl. ¶ 4. Moreover, the plaintiff has provided insufficient evidence to support its position that Mr. Rader is *currently* a "managing agent" of any of the defendants, and she does not assert that Mr. Rader currently holds any type of managerial role with them. The plaintiff has provided insufficient evidence to rebut the defendants' sworn statements, and therefore the plaintiff's motion to compel the defendants to produce Mr. Rader for deposition is denied. This, of course, does not preclude the plaintiff from seeking deposition testimony from Mr. Rader through other

means, including pursuant to FED. R. CIV. P. 45, or from seeking other discovery from each of the defendants about Mr. Rader's activities that may be relevant to the claims in the Complaint, as well as to Vapiano SE's jurisdictional ties to this district.

### 3. Matteo Thun

The plaintiff seeks to compel the defendants to produce Matteo Thun for a deposition. She contends that defendant Vapiano International's website "identifies Mr. Thun as one of its 'Executives,' and includes Mr. Thun's picture and biographical information on the 'Executive Bios' section of the company's webstie [sic]." Pl.'s Mot. Compel, ECF No. 33, at 7. Thus, because "Mr. Thun is held out as an officer or managing agent of Defendants, [he] should be produced for a deposition in the District of Columbia." Pl.'s Reply Mot. Compel, ECF No. 39, at 6.

The defendants claim that Mr. Thun was never an officer or managing agent of the defendant, but was an architect hired by the defendants on a contract basis. Vapiano SE Opp'n, ECF No. 35, at 9. According to Vapiano SE, "his relationship with Vapiano SE is that of an independent, outside professional" and he has "no more of a relationship with Vapiano SE than that of architect-client." *Id.* With regard to the reference of Mr. Thun on Vapiano International's website, Vapiano International contends that "[l]isting Mr. Thun under the heading 'Design and Architecture' and describing him as responsible for the restaurant's 'image' . . . hardly makes him an officer, director, or managing agent of the company, no matter how one may seek to stretch those terms." Vapiano USA Opp'n, ECF No. 36, at 8-9.

Again, those who are not employed by the defendant corporations cannot be considered "managing agents" of that corporation. *See In re Honda*, 168 F.R.D. at 541. The defendants declare in sworn statements that Mr. Thun is not currently employed by defendants and has never

9

been a managing agent of the defendants.  Bessette Decl., ¶ 7; Gerlach Decl., ¶ 6.  The plaintiff's motion to compel the defendants to produce Mr. Thun for deposition is therefore is denied.  This, of course, does not preclude the plaintiff from seeking deposition testimony from Mr. Thun through other means, including pursuant to FED. R. CIV. P. 45, or from seeking other discovery from each of the defendants about Mr. Thun's activities that may be relevant to the claims in the Complaint, as well as to Vapiano SE's jurisdictional ties to this district.

### 4. Martin Luible

The plaintiff next seeks to compel the defendants to produce Martin Luible for deposition.  In support of its assertion that he is a managing agent of the defendant corporations, the plaintiff points, *inter alia*, to Mr. Luible's LinkedIn page, a 2010 magazine article discussing a Vapiano franchise that Mr. Luible recently opened, and a 2009 interview with Mr. Luible in which he discussed his career as a restaurateur.  Pl.'s Mot. Compel, ECF No. 33, Ex. 20-22.  The defendants, however, have produced sworn declarations stating that Mr. Luible is a former executive of Vapiano International, and left the corporation in 2009.  Bessette Decl. ¶ 6.

As previously stated, former employees of corporations generally cannot be compelled to testify on behalf of their former corporation.  *See Simms*, 272 F.R.D. at 41.  There is insufficient evidence to overcome the defendants' sworn statements that Mr. Luible is no longer an employee of the defendants.  Even as the owner of a Vapiano franchise, Mr. Luible is not a managing agent or even an employee of the defendant corporations and cannot speak to the limited jurisdictional questions at issue at this stage in the litigation.  This, of course, does not preclude the plaintiff from seeking deposition testimony from Mr. Luible through other means, including pursuant to FED. R. CIV. P. 45, or from seeking other discovery from each of the defendants about Mr.

Luible's activities that may be relevant to the claims in the Complaint, as well as to Vapiano SE's jurisdictional ties to this district.

### 5. Claus Sauer

The plaintiff requests that the Court compel the defendants to produce Claus Sauer for deposition. According to the plaintiff, Vapiano SE admits that it employs Mr. Sauer and a franchise document indicates that he "was in charge of running training programs for new franchisees in the District of Columbia." Pl.'s Mot. Compel, ECF No. 33, at 8; Pl.'s Reply Mot. Compel, ECF No. 39, at 5.
The defendants, again through sworn declaration, state that although Mr. Sauer is defendant Vapiano SE's Head of Franchising for Western Europe, he "has no responsibilities or duties with respect to Vapiano restaurants in the United States, and played no role in training of personnel at those restaurants." Gerlach Decl., ¶ 7; Vapiano SE Opp'n, ECF No. 35, at 6. Additionally, defendant Vapiano SE states that even though a franchise document on Vapiano International's website states that Mr. Sauer was to conduct operations training, "that in fact did not happen." *Id.* Defendants Vapiano International and Vapiano USA state that Mr. Sauer "has never been employed by or associated with [them], nor has he provided employee training on [their] behalf." Vapiano USA Opp'n, ECF No. 36, at 9.

Since Mr. Sauer is indisputably an employee of defendant Vapiano SE, the question before the Court is whether he qualifies as an officer, director, or managing agent of that corporation. To make this determination, the Court considers "(1) whether the corporation has invested the person with discretion to exercise his judgment, (2) whether the employee can be depended upon to carry out the employer's directions, and (3) whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the

11

interests of the adverse party. Other factors to consider include the degree of supervisory authority which a person is subject to in a given area and the general responsibilities of the individual regarding the matters at issue in the litigation." *See In re Honda,* 168 F.R.D. at 540-41.

Vapiano SE does not contest that Mr. Sauer is an executive of its company, and stated during the September 16, 2011 hearing before the Court that it considers him a "managing agent" within the areas of his job responsibilities. Vapiano SE argues, however, that Mr. Sauer has no knowledge relevant to the current litigation given his position, and his deposition would be a waste of time and money. Vapiano SE Opp'n, ECF No. 35, at 6.  Vapiano SE may be correct that the Mr. Sauer does not have knowledge relevant to the issues at stake in this litigation, but it appears that he wields broad discretionary power in his position and trains employees and franchisees across the world.  Given Mr. Sauer's position as Vapiano SE's Head of Franchising of Western Europe, the plaintiff should be given an opportunity to question the proposed deponent.  The plaintiff's motion to compel Vapiano SE to produce Mr. Sauer for deposition is therefore granted.[3]

### B. The Plaintiff May Depose Mr. Gerlach in Washington, D.C.

The plaintiff seeks to depose and the defendants have agreed to produce Gregor Gerlach, Vapiano SE's CEO and current President of defendants Vapiano International and Vapiano USA.  The dispute over this proposed deposition is whether it should take place in the District of Columbia or in Germany. *See* Vapiano USA Opp'n, ECF No. 36, at 9; Pl.'s Mot. Compel, at 4-5.

---

[3] Having concluded that Mr. Sauer is a "managing agent" of the defendant Vapiano SE and is therefore a proper Rule 30(b)(6) deponent, barring any agreement between the parties, the plaintiff must depose Mr. Sauer in Germany given that depositions of corporate deponents are generally held at the corporation's principal place of business. *Barko v. Halliburton* Co., 270 F.R.D. 26, 28 (D.D.C. 2010).

In considering where the deposition of a corporate agent is to take place, there is a general presumption that the deposition will occur at the corporation's principal place of business. *Barko v. Halliburton* Co., 270 F.R.D. 26, 28 (D.D.C. 2010); *see In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) ("Courts have implemented essentially the same scheme for corporate defendants. Thus, courts have generally recognized a presumption . . . [that] 30(b)(6) depositions of a foreign defendant corporation's officers or managing agents should be taken at the corporation's principal place of business").  However, this presumption is rebuttable and the Court can focus on several factors to determine if it would be inappropriate to have the deposition at the foreign defendant corporation's principal place of business. *See Barko*, 270 F.R.D. at 28-29; *Nat'l. Cmty. Reinvestment Coalition v. Novastar Fin. Inc*., 604 F. Supp. 2d 26, 31 (D.D.C. 2009); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333 (N.D. Ind. 2000) (holding that the district court had personal jurisdiction over the defendant Japanese company and that justice would best be served by compelling deposition of defendant employees within the district).  These factors include: "location of counsel for both parties; size of defendant corporation and regularity of executive travel; resolution of discovery disputes by the forum court; and the nature of the claim and the relationship of the parties." *Nat'l. Cmty. Reinvestment Coalition*, 604 F. Supp. 2d at 31.

The defendants assert that Mr. Gerlach is new to his position as president of Vapiano International and Vapiano Franchise USA, whose principle places of business are in Virginia, and any relevant knowledge regarding this litigation matter came through his position in Vapiano SE, whose principle place of business is in Hamburg, Germany. *See* Vapiano USA Opp'n, ECF No. 36, at 9-11.  In other words, the defendants attempt to argue that the current president of Vapiano Franchise USA and Vapiano International would have no relevant knowledge of

13

Vapiano SE's connection with the United States, and only an officer of Vapiano SE would be privy to this information. This argument is erroneous.

Mr. Gerlach is the current president of Vapiano International and Vapiano Franchise USA and clearly is a proper corporate deponent under the Federal Rule of Civil Procedure 30(b)(6). *See Barko*, 270 F.R.D. at 28-29. The fact that Mr. Gerlach may have gained most of his relevant knowledge from his position in Vapiano SE does not mean he is now shielded from being deposed in his current position, and the defendants cite no authority stating otherwise. Mr. Gerlach is a current officer of Vapiano International and Vapiano USA, and therefore deposition in the District of Columbia, or Virginia which is Vapiano International and Vapiano USA's principal place of business, is entirely proper.

## III.   PLAINTIFF'S REQUEST TO EXTEND DISCOVERY

The plaintiff states that due to disputes between the parties, she is "having difficulty obtaining jurisdictional discovery from Defendants," and therefore requests an additional sixty days to gather evidence of defendant Vapiano SE's ties to this jurisdiction. Pl.'s Mot. Compel, ECF No. 33, at 1. Although defendant Vapiano SE states that additional time is not necessary, it appears clear that the plaintiff is being forced to untangle the defendants' complex and intertwined corporate relationships as a condition precedent to reaching the merits of the plaintiff's case, which, as explained earlier, appear unchallenged.[4] Indeed, the plaintiff's attempt

---

[4] During the September 16, 2011 status conference, the Court engaged in the following colloquy with Mr. Merone, counsel for defendants Vapiano Franchise and Vapiano USA:

> **Mr. Merone:**  . . .When they talk about the photos, there are like 60 photos of like three or four were one in one restaurant like four and five in another. That's what they're talking about. A couple of photo out of all the photos of various Italian street scenes. So,.
>
> **The Court:** Only a couple of the photos are in some of the Vapiano restaurants --
>
> **Mr. Merone:** Yeah, there are like five in D.C.

to reach the merits of this case is made all the more complicated by the defendants' relatively anemic production of documents during discovery. Counsel for defendant Vapiano SE conceded during oral argument that the document production to date has been minimal and proffers by way of explanation that the German legal system "is very different" and "[t]hey do business with far fewer pages of documents than we're used to in this country." Transcript of September 16, 2011 Status Conference, *Rundquist v. Vapiano*, No. 09-cv-2207 (Counsel for Vapiano SE stated: "Their contracts tend to be a small fraction in relation to ours . . . so when you go into a situation, when you are looking for transactions . . . [the documents you] are going to get [is] incredibly small."). Whatever the reason for the concededly minimal production to date of only "a few hundred documents" regarding transactions of a global corporation operating, managing, or franchising dozens of restaurants across the world, the issue of compliance with document discovery is not presently before the Court. *Id*. As noted during the September 16, 2011 status conference, the Court is not presented with a motion to compel production of documents at the present time, but henceforth expects the parties to comply fully with outstanding discovery requests so that this case may be resolved on the merits as expeditiously as practicable. That said, the delay resulting from litigation over the parties' deposition disputes warrants additional time for jurisdictional discovery. Accordingly, the plaintiff's request for an additional sixty days of jurisdictional discovery is granted.

---

> **The Court:** Did I understand you just to say that only a couple of photos out of the many photos used in Vapiano Restaurants are the plaintiff's photos. Is that what you just said?
>
> **Mr. Merone:** Your Honor, if the plaintiff owns the photographs that we're being sued on, I'm going to accept that.

Transcript of September 16, 2011 Status Conference, Rundquist v. Vapiano, No. 09-cv-2207.

## IV.    CONCLUSION

For the foregoing reasons, the plaintiff's Motion to Compel Production of Witnesses for Depositions and to Extend Jurisdictional Discovery is granted in part and denied in part.  The plaintiff's request to compel depositions of Kent Hahne, Klaus Rader, Matteo Thun, and Martin Luible is denied.  Plaintiff's motion to compel Vapiano SE to produce for deposition Claus Sauer, and Vapiano International and Vapiano USA to produce Gregor Gerlach for deposition in the District of Columbia is granted.  Additionally, the plaintiff's request to extend jurisdictional discovery for a period of sixty days is granted.  An Order consistent with this Memorandum Opinion will be entered.

**DATED: SEPTEMBER 30, 2011**

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Beryl A. Howell*
　　　　　　　　　　　　　　　　　　　　　　　　　　BERYL A. HOWELL
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge