UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

EWA-MARIE RUNDQUIST,

    Plaintiff,

v.

VAPIANO SE, VAPIANO INTERNATIONAL LLC,
and VAPIANO FRANCHISE USA, LLC

    Defendants.

Case No. 1:09-cv-02207-BAH

## MOTION BY DEFENDANTS VAPIANO INTERNATIONAL LLC AND VAPIANO FRANCHISE USA, LLC TO STAY CERTAIN PROCEEDINGS

Defendants Vapiano International LLC and Vapiano Franchise USA, LLC (collectively "Vapiano-US") respectfully request that discovery and other proceedings in this matter be stayed until the Court has ruled on the merits of Defendant Vapiano SE's pending motion to dismiss. Pursuant to Local Rule 7(m), Vapiano-US has consulted with all of the other parties regarding the relief being requested here. Defendant Vapiano SE has consented to the grant of the stay. Plaintiff has indicated that she intends to oppose the instant motion.

Respectfully submitted,

Dated: February 3, 2012

*[signature]*

Edward T. Colbert (DC Bar No. 206425)
William M. Merone (DC Bar No. 458104)
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

*Counsel for Defendants,*
*Vapiano International LLC and*
*Vapiano Franchise USA, LLC*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

---

EWA-MARIE RUNDQUIST,

    Plaintiff,

v.

    Case No. 1:09-cv-02207-BAH

VAPIANO SE, VAPIANO INTERNATIONAL LLC,
and VAPIANO FRANCHISE USA, LLC

    Defendants.

---

## MEMORANDUM IN SUPPORT OF MOTION
## BY DEFENDANTS VAPIANO INTERNATIONAL LLC AND
## VAPIANO FRANCHISE USA, LLC TO STAY CERTAIN PROCEEDINGS

Defendants Vapiano International LLC and Vapiano Franchise USA, LLC (collectively "Vapiano-US") have moved for an Order staying discovery and certain other proceedings until the Court has ruled on the merits of Defendant Vapiano SE's pending motion to dismiss. At best, Plaintiff's claims against Vapiano-US are for *de minimis* value, but Plaintiff is refusing to resolve them because she wants to keep Vapiano-US in the case for the sake of appearance, believing that doing so somehow strengthens her argument that the Court should exercise personal jurisdiction over Vapiano SE, against which the bulk of Plaintiff's claims are directed. Vapiano-US, however, should not be used in that manner. Proceedings in this case should thus be stayed until the status of Vapiano-SE has been resolved, thereby helping to ensure that the parties do not waste time or resources litigating claims that might otherwise easily be settled. Staying discovery until the motion to dismiss has been decided will also help avoid the risk that the parties will have to redo portions of discovery once Vapiano SE's status is settled.

## BACKGROUND

Plaintiff initially asserted that this case involved an intentional and systematic campaign by Vapiano-US (and Vapiano SE) to trade on and exploit some perceived value in certain photographs in which Plaintiff allegedly owns copyright rights. For example, after visiting several local VAPIANO® restaurant locations, Plaintiff originally unabashedly represented to the Court that her photos were "[t]he central décor element" of all VAPIANO® restaurants, and that Vapiano-US "require[d] and direct[ed]" franchisees in the U.S. and around the world to "prominently display" her works. D.I. 11, ¶¶ 25-26, Ex. 4. She also said that she informed Vapiano-US "on numerous occasions" about the alleged infringement, but that the company supposedly "refused to stop [its] unauthorized and unlawful" use of the works. *Id.*, ¶¶ 29-32.

The reality of the situation, however, was quite different. As Plaintiff was aware, the three VAPIANO® restaurants referenced in her *Amended Complaint* were the only locations in this county where any of the photographs at issue were displayed, and on average each of those locations had just five potentially infringing prints, interspersed among scores of noninfringing photographic works that likewise showed Italian street scenes. Thus, Plaintiff's photos were hardly "[t]he central décor element" of any location, nor was there any requirement that they be used  Further, and as Plaintiff was also aware (or at least as she *should have been* aware when she filed her *Amended Complaint*), far from "refus[ing] to stop" use of the works in question, Vapiano-US removed each of the works Plaintiff referenced in her January 2009 protest letter (the only letter Vapiano-US was sent) almost immediately upon receipt of that communication.

Plaintiff's allegations against Vapiano-US have thus devolved into just the claim that the company supposedly infringed Plaintiff's rights several years ago by displaying in its restaurants a total of sixteen unauthorized prints from the *La Pizza* book, all of which were removed and

replaced with substitute works once Vapiano-US became aware of Plaintiff's claims.[1] Moreover, discovery has revealed that the rate Plaintiff's licensing agent would have charged for Vapiano-US's use of the photographs in question during the relevant time would have been about € 520 per print (or $770), of which Plaintiff would have received only half, assuming Plaintiff had the right to license use of the photographs at all (which remains an open issue). Thus, the value of Plaintiff's claims against Vapiano-US at most is now less than $10,000, an amount that, but for the federal copyright question, would be insufficient to support federal court jurisdiction.[2]

On the surface, then, this case would appear to be one the parties might be able to resolve on their own, perhaps through mediation. After all, if Plaintiff can prove ownership of the copyrights in the works at issue, then undoubtedly there was domestic infringement (inadvertent though it may have been). The key issue is whether Plaintiff suffered any damage from the display of those sixteen prints, and, if so, what measure. In the end, though, there is no logical reason to continue spending money litigating infringement claims that are of such little worth.

---

[1] Plaintiff also initially claimed that Vapiano-US would be liable for any acts of infringement committed by its franchisees abroad. See generally D.I. 11. As this Court noted, however, Vapinao-US could only be held liable for such acts if it engaged in "domestic predicate acts of infringement that facilitated" the foreign infringement, D.I. 28, p. 33, n. 11; *see also id.*, pp. 38-39, and there is no evidence to support such an assertion. In fact, there is no evidence that any of Vapiano-US's foreign franchisees even *displayed* any of the photographs in question.

[2] Plaintiff's high-end damages estimate is $3,500 per print (amounting to $52,500 in total damages). In coming up with that number, however, Plaintiff does not appear to have considered that her licensing agent previously offered to license the prints (post-infringement) for € 520 each. Plaintiff elsewhere asserts that she should also be entitled to a percentage of the profit earned at each of the restaurants that displayed any prints. To support such a claim, however, Plaintiff would have to provide non-speculative proof that a portion of each restaurant's profits was directly attributable to the use of the photos in question. *See, e.g., Mackie v. Rieser*, 296 F.3d 909, 911, 916 (9th Cir. 2002); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 160-61 (2nd Cir. 2001). No causation evidence, though, has been offered in this case, meaning Plaintiff's claim is entitled to little credence. (In addition, it is worth noting that the three restaurants in question did not have *any* profits—only losses—during the period in which the prints were displayed.).

Plaintiff has made it clear, however, that she is not willing to discuss the possible resolution of her claims against Vapiano-US unless *Vapiano SE*, the foreign defendant, also participates in the process. As this Court is aware, though, Vapiano SE has moved to dismiss all of the claims against it for lack of personal jurisdiction. *See* D.I. 48. Thus, there is no practical hope of resolving the domestic case until Vapiano SE's motion to dismiss has been decided. As a consequence, absent judicial intervention, the case will continue to grind along. Moreover, the cost/benefit ratio is likely to get even worse in the coming weeks as Plaintiff has proposed to seek summary judgment on, among other things, the domestic infringement claims. *See* D.I. 49.

For these reasons, Vapiano-US is asking the Court to stay further proceedings in this matter until the Court has ruled on Vapiano SE's motion to dismiss for lack of personal jurisdiction. Once it is known whether Vapiano SE is subject to the jurisdiction of this Court, the parties can turn their attention to resolving whatever case might remain and not have to deal with hypothetical possibilities. Only then could progress be made toward a possible resolution.

## ARGUMENT

Trial courts have broad discretion in how they choose to manage the conduct of discovery, *see, e.g., Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers,* 494 F.2d 1092, 1100 (D.C. Cir.1974), and it is well settled that the "entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority,* 200 F.R.D. 1, 2 (D.D.C. 2001); *see also Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir.1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are

4

determined.") (citations omitted) (quoted in *Chavous*). As this Court explained years ago, "a stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous*, 200 F.R.D. at 2 (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)). In fact, this Court has gone so far at times as to suggest that "discovery is generally considered *inappropriate* while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. United States Attorneys Office*, 1992 WL 159186, *1 (D.D.C. 1992) (emphasis added).

In the present case, the foreign defendant, Vapiano SE, has moved to dismiss all claims against it for lack of personal jurisdiction. D.I. 48. Vapiano-US is not a party to that motion. Nonetheless, the resolution of that dispositive motion will seriously impact the conduct of this case. Thus, until that motion is decided, it would be appropriate to stay unrelated proceedings.

Staying proceedings until the Court has decided whether Vapiano SE is subject to personal jurisdiction would achieve two positive results and would not prejudice Plaintiff. First, it would provide the parties with certainty as to what entities are actually in this case, thus facilitating possible settlement. As discussed, Plaintiff has refused to mediate her four-figure claim against Vapiano-US because she fears that settling with Vapiano-US concerning its supposed acts of domestic infringement would weaken her claim that Vapiano SE, and its alleged acts of infringement abroad, should also be subject to the jurisdiction of this Court. As a consequence, unless proceedings are stayed, the parties will have to continue to engage in

litigation (such as responding to Plaintiff's promised motion for summary judgment)[3] in a case that, but for the uncertain status of Vapiano SE, would likely otherwise be easily resolved.

Second, staying proceedings would help ensure that the parties' schedules do not diverge and result in duplicative and wasted efforts. For example, if this matter is not stayed, Vapiano-US will likely have to go forward with its previously-noticed deposition of Plaintiff, Ms. Rundquist, on the merits of this case, including both as to her implicit representations, such as that she has the legal right to recover damages for the alleged infringement, and her specific allegations, such as her claims that Vapiano-US "refused to stop" displaying the works (untrue); that the *La Pizza* prints were the "[t]he central décor element" of Vapiano-US's restaurants (also untrue); and that she deserves more than eight million dollars for the alleged acts of infringement (baseless). Unless and until it is adjudged a proper party in this matter, however, Vapiano SE would presumably not participate in the discovery process, meaning that if this Court were to decide that the exercise of personal jurisdiction over Vapiano SE was proper, Vapiano SE would likely want to depose Ms. Rundquist (and others) itself, which would waste resources.

In light of these potential risks and benefits, the "logical" approach would be to stay discovery until the Vapiano SE motion is resolved, helping to "prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *See Chavous*, 200 F.R.D. at 2. There is no need for this case to move forward until all the parties are known.

---

[3] Because Vapiano SE has moved to dismiss all of the claims against it for lack of personal jurisdiction, one would suspect that it will not likely respond to Plaintiff's summary judgment motion on the merits, as doing so would embroil the company deeper in a litigation to which it asserts it is not a proper party. Thus, one has to ask what purpose is served by Plaintiff cross-moving for summary judgment in response to a motion to dismiss based on lack of jurisdiction? Also, it should be noted that non-jurisdictional discovery is not complete (indeed, Vapiano SE has not yet sought <u>any</u> discovery from Plaintiff on the merits), raising additional concerns as to the premature nature of Plaintiff's planned motion. *Cf.* Fed. R. Civ. P. 56(d).

Plaintiff will not be prejudiced in any way by the grant of the requested stay. As noted, Vapiano-US ceased displaying the photographs in question shortly after receiving Plaintiff's protest letter and replaced them with new works it obtained from other sources (and, as it turns out, at no cost).[4] Thus, there is no possibility of continued infringement, meaning the only recovery Plaintiff could seek (assuming she has the right) is damages, slight as they may be.

During the stay, Vapiano-US would agree (if Plaintiff is willing) to participate in mediation, or (if Plaintiff prefers) the Court could defer a referral to mediation until after the Court has ruled on Vapiano SE's motion, but before resuming the case. With either approach, the costs incurred by the parties both in terms of time and money would be significantly reduced, increasing the likelihood that a negotiated settlement could ultimately be reached. Thus, Vapiano-US respectfully submits that the grant of a stay in this case would be appropriate.

---

[4] Vapiano-US removed fifteen prints in February 2009. The sixteenth print, which was small (~5"x7") and, unlike the others, was not identified by Plaintiff through an exhibit to her January 2009 letter, was not discovered until August 2011, at which time it was promptly removed.

## CONCLUSION

For the reasons set forth above, Vapiano International LLC and Vapiano Franchise USA, LLC, respectfully request that proceedings in this matter be stayed at least until this Court has ruled on Vapiano SE's motion to dismiss. Further, the movants ask that once the Court has decided that motion, it schedule the remaining parties to participate in a status conference to discuss the scope of the claims that remains and consider ways potentially to resolve them.

Respectfully submitted,

Dated: February 3, 2012

Edward T. Colbert (DC Bar No. 206425)
William M. Merone (DC Bar No. 458104)
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

*Counsel for Defendants,
Vapiano International LLC and
Vapiano Franchise USA, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the requisite number of copies of the foregoing *MOTION BY DEFENDANTS VAPIANO INTERNATIONAL LLC AND VAPIANO FRANCHISE USA, LLC TO STAY DISCOVERY* was filed using the Court's ECF system, and served on the counsel or parties as indicated below:

**By Email**

Scott H. Christensen
Daniel T. Lloyd
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, D.C. 20006-2401
Tel.: (202) 721 – 4600
Fax: (202) 721 – 4646
christen@hugheshubbard.com
lloydd@hugheshubbard.com

*Counsel for Plaintiff,*
*Ewa-Marie Rundquist*

Dated: February 3, 2012

_____
Edith F. Meyers
Case Manager
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

*Counsel for Defendants,*
*Vapiano International LLC and*
*Vapiano Franchise USA, LLC*